BLANK, Appellant, *v.* BLANK, Respondent.

Where a judgment by default was rendered, adjudging a marriage null and void, and a motion to open the default was denied, *held*, that defendant was not precluded by the judgment and order denying the motion from maintaining an action to set aside the judgment on the ground of fraud.

In such an action the fraud alleged was that plaintiff was induced by false representations on the part of defendant, who was a lawyer, to the effect that the marriage was void under the laws of New York, to refrain from consulting counsel and defending the action to annul the marriage. The complaint in that action set forth facts sufficient to justify the court in annulling the marriage on the ground of fraud practiced by the defendant therein. Neither in the complaint in the action to set aside the judgment, nor by any proof or offer of evidence on the trial did the plaintiff attempt to controvert such facts, to deny that she was guilty of the fraud charged, or to show that she had any defense upon the facts in the

former action. *Held*, that without regard to the question as to whether the marriage was lawful or unlawful as matter of law, or as to whether the representations of defendant in regard thereto were truthful or not, the complaint was properly dismissed, as it did not appear even if he was wrong in his statement of the case that plaintiff was thereby deprived of any defense in the former action.

(Argued May 5, 1887; decided October 11, 1887.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made March 28, 1884, which affirmed a judgment in favor of defendant entered upon a decision of the court on trial at Special Term.

This action was brought to set aside a judgment annulling a marriage contract between the parties and declaring void an ante-nuptial contract also made between them.

The action in which the judgment referred to was made was brought by the defendant herein upon the ground that the plaintiff had represented herself to be a widow, whereas she was divorced and her former husband was living; that he was influenced and deceived by these representations; that the divorce mentioned was procured by collusion and was, therefore, void, and that by the statutes of this state the plaintiff herein could not marry again during the lifetime of her former husband. The plaintiff in this action alleges that she was prevented from interposing any defense in the former action in consequence of the repsentations of the defendant, who was an attorney, on which she relied, that it would be utterly useless to make any opposition or to retain or consult counsel; that their marriage was a nullity from the beginning under the laws of this State; that the law forbade their cohabiting as husband and wife; that they could be arrested and made to suffer for it; that their marriage must be set aside; that it could not be prevented. The defendant denied the utterance of these representations or any of them, set up the decree of divorce already mentioned, the false representations of the plaintiff by which he was induced to make the ante-nuptial contract and enter into the marriage state. It appeared further from the pleadings

that after plaintiff discovered that she had been deceived by the defendant, as alleged, she made application to open the default in the action mentioned brought against her by her husband, which application was denied. No appeal was taken from the order thus made.

Further facts appear in the opinion.

*Samuel L. Gross* for appellant. The order made at Special Term, Kings county, denying plaintiff's motion to open default is not a bar to this action. (*Keck* v. *Werder*, 86 N. Y. 264, 269; *Howell* v. *Mills*, 53 id. 322; *Foote* v. *Lathrop*, 41 id. 358, 359; *Hill* v. *Hermans*, 59 id. 396; *Riggs* v. *Pursell*, 74 id. 370; *Moore* v. *Shaw*, 77 id. 512; *Clark* v. *Dinehart*, 40 id. 342; *Simson* v. *Hart*, 14 Johns. 63; *In re Ex'rs Tilden*, 98 N. Y. 434.) Defendant is wrong, in his supposition that the plaintiff does not take issue on the facts alleged in the complaint in the other action. Plaintiffs' complaint should be liberally construed, and supported rather than destroyed. (*Allen* v. *Patterson*, 7 N. Y. 476; *Alcott* v. *Carroll*, 39 id. 436; *Lorillard* v. *Clyde*, 86 id. 384.) The allegations of the complaint in that action, if admitted to be true, entitled the plaintiff in that action, the defendant herein, to no relief. (*Clarke* v. *Clarke*, 11 Abb. Pr. 288; *Klein* v. *Wolfsohn*, 11 Abb. [N. C.] 135; *Kinnear* v. *Kinnear*, 45 N. Y. 535; *Ruger* v. *Heckel*, 21 Hun, 489; 85 N. Y. 483.) The plaintiff is entitled to have the ante-nuptial agreement properly acknowledged and restored to her on the facts as alleged in the complaint, which, of themselves, are sufficient to sustain this action. (*Evans* v. *Carrington*, 2 DeG., F. & J. 481; 30 L. J. Ch. 364; 7 Jurist [N. S.], 194.)

*George Zabriskie* for respondent. To obtain relief against a judgment, the party seeking relief must show that he was aggrieved by the judgment and has a valid defense on the merits, which defense must be disclosed. (*Hunt* v. *Wallis*, 6 Paige, 371; *Winship* v. *Jewett*, 1 Barb. Ch. 173; *Goodhue* v. *Churchman*, id. 596; *Powers* v. *Treanor*, 3 Hun, 3; *Ferrusac* v. *Thorn*, 1 Barb. 42.) And further, that he has

been prevented from interposing such actual defense by the fraud of the actual party unmixed with negligence on his own part. (*Foster* v. *Wood,* 6 Johns. Ch. 87; *Duncan* v. *Eddy,* 3 id. 351; *Davone* v. *Fanning,* 4 id. 199; *U. S.* v. *Throckmorton,* 98 U. S. 61; *Smith* v. *Nelson,* 62 N. Y. 286.) The plaintiff's only claim for relief is untenable, it being that the Supreme Court, in rendering the judgment in the former action, erred on a point of law, and, while admitting all the facts found by that court by which the judgment was rendered, she seeks to obtain a review of that judgment on the same facts on which it was rendered, and asked the court which rendered the judgment, and now asks this court to reverse the judgment on the ground that the court erred in its law. (*Ross* v. *Wood,* 70 N. Y. 11; *Patch* v. *Ward,* L. R., 3 Ch. App. 203; *Greene* v. *Greene,* 2 Gray, 361; Story's Eq. Jur. § 1581; *Dobson* v. *Pearce,* 2 Kern. 156; *Mich.* v. *Phœnix B'k,* 33 N. Y. 9; *Simpson* v. *Hart,* 1 J. C. R. 91; *Le Guen* v. *Gouverneur,* 1 Johns. Cas. 436; *Davone* v. *Fanning,* 4 Johns. Ch. 199; *Brown* v. *Mayor, etc.,* 66 N. Y. 385; 65 Barb. 201; *People* v. *Stevens,* 51 How. Pr. 235; *Bouchand* v. *Dias,* 3 Denio, 238; Code Civ. Pro. § 724; *Cole* v. *Tyler,* 65 N. Y. 73.) The order made in the original cause upon plaintiff's motion for the same relief which she is now asking is a decision of the whole question in controversy here, and is a further bar to this action. (*Dwight* v. *St. John,* 25 N. Y. 203; *In re Livingston,* 34 id. 555, 577; *Riggs* v. *Pursell,* 70 id. 378.) Upon the plaintiff's own showing the judgment declaring the marriage void was right, and plaintiff has no defense which could be successfully interposed, if she were permitted now to come in and defend. (2 R. S. 139, § 5; *Smith* v. *Woodworth,* 44 Barb. 198; *Cropsey* v. *Ogden,* 11 N. Y. 228, 234; *Haviland* v. *Halstead,* 34 id. 643, 644; *Lemmon* v. *People,* 20 id. 562; *People* v. *Baker,* 76 id. 78, 88; *Paul* v. *Virginia,* 8 Wall. 169, 180; *Ex parte Kinney,* 3 Hughes, 9.) No cause of action was established as the representations stated in the complaint in this action amounted to nothing more than a mere expression of opinion on a matter

of law. (*Upton* v. *Trebilcock*, 91 U. S. 50; *Huggins* v. *King*, 3 Barb. 616; *Ross* v. *Wood*, 70 N. Y. 10; *Patch* v. *Ward*, L. R., 3 Ch. App. 203; *Ward* v. *Southfield*, 102 N. Y. 287.)

RAPALLO, J.    We think the judgment in this case was right, although we do not concur in the ground upon which it was rendered at Special Term.    It was there held by the trial judge that the judgment of nullity of marriage rendered between these parties in the second department, on the 23d of September, 1876, not having been reversed on appeal, and a motion to open the default having been denied on the 21st of February, 1881, that judgment and the order denying the motion precluded the plaintiff from maintaining this action.

This action was brought to set aside the judgment of nullity on the ground that the present plaintiff had been induced by the defendant, by untrue statements as to the law of New York, to refrain from consulting counsel and from defending said action of nullity.

We concur in so much of the dissenting opinion of DANIELS, J., at General Term, in this case, as holds that, in this action to set aside the judgment of nullity on the ground that it was obtained by fraud, the judgment thus sought to be set aside could not be set up as a bar to the action to set it aside.    This action did not seek to retry any question of fact which had been tried in the first action; and we also agree that the order of February 21, 1881, denying the motion to open the default of the present plaintiff and let her in to answer, was not a bar to her action to set aside the judgment as having been obtained by fraud. (*Riggs* v. *Pursell*, 74 N. Y. 370; *Foote* v. *Lathrop*, 41 id. 358.)

But we are of opinion that the judgment in this case should be sustained on the ground that the plaintiff did not in her complaint in this action, nor by any offer of proof on the trial, attempt to controvert any of the facts set up in the complaint in the action for nullity, nor to show that she had any defense to that action of which she was deprived.    Her charge of fraud consists simply of an allegation, in substance, that the

defendant, who is a lawyer, represented to her that her marriage with him was void by the law of New York, and that she had incurred liability to a criminal prosecution for entering into it, and that she was by these representations induced to refrain from defending the action. Without discussing the question of law involved it is sufficient, for the purpose of this appeal, to say that whether the marriage between the defendant and the plaintiff was legal or illegal, as matter of law, the fraud by which she was charged with having induced the defendant to enter into the contract, was sufficient to justify the court in setting it aside, and that she does not in any manner attempt to deny that she was guilty of the fraud charged, nor to show that she had any defense, upon the facts, to the action of nullity, of which the defendant deprived her, even if he was wrong in his statement of the law, a question which we do not now decide.

On this ground the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.