## EVERETT v. MORRISON.

(Supreme Court, General Term, Second Department, December 12, 1892.)

DIVORCE—OPENING DEFAULT.
Where plaintiff obtained a divorce from defendant on the ground that defendant was the wife of another person at the time of her marriage to plaintiff, the fact that she allowed the decree to go against her by default by reason of false representations made by plaintiff to her will not avail her as a ground to open the decree, since she could have made no defense if she had contested the proceeding.

Appeal from special term, Kings county.

Action for divorce by Edward Everett against Georgie Lillian Morrison, sometimes called Georgie Lillian Everett. A decree of divorce was granted by default, and defendant moved to open the decree, and from an order opening the decree, plaintiff appeals. Reversed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

Burrill, Zabriskie & Burrill, (George Zabriskie, of counsel,) for appellant.

Ayres & Walker, for respondent.

BARNARD, P. J. In the fall of 1884 the plaintiff was married to the defendant in Brooklyn by John Courtney, a justice of the peace. There had been illicit relations existing between the parties before the marriage. In April, 1888, the plaintiff obtained a decree of divorce from her on the ground that the defendant was, at the time of her marriage to the plaintiff, the wife of one William G. Morrison. After the divorce the parties continued to live together as man and wife, but in a secretive way, and in places more or less secluded. In 1891 the plaintiff abandoned the defendant, and she seeks to open the decree obtained by plaintiff, and put in an answer. She avers that the former marriage with Morrison was sportively made in Rhode Island. That she afterwards lived with Morrison as his wife for a few months in the state of Massachusetts, because her father insisted that, as she had gone through with the ceremony, she must live with her husband, Morrison. Soon after the defendant left Morrison the plaintiff became acquainted with her, and at once became attached to her, and in January, 1884, the intimacy became improper. Although the fact is disputed, I think it is

fairly proven that the plaintiff knew of the Morrison (alleged) marriage, and introduced the defendant to a lawyer in Rhode Island, to annul the same. Proceedings were commenced to that end, but reached no result, and were subsequently discontinued. The defendant avers that the plaintiff obtained his divorce from her on the ground that her family would not acknowledge a marriage before a justice of the peace, and that he would have a public, ceremonial marriage after he got his decree from this Justice Courtney's marriage. This fact the plaintiff denies, and he avers that the subsequent relations were mutually understood to be meretricious. Assuming that the plaintiff promised to remarry the defendant in a formal manner after the divorce, should the default be opened, and the defendant be permitted to answer? This depends upon the merits stated in the proposed answer. Is the formal marriage with Morrison, void under the evidence? The facts in respect thereto are undisputed. Morrison presented an approval marriage certificate to the defendant's father and mother in Massachusetts. The family acknowledged it. The parties lived for six months together as man and wife, publicly and openly, in the sight of the world. The defendant left him because of ill treatment, and went back to her parents. The formal marriage in Providence is doubtful. No certificate was given the wife. No clergyman can or has been found. The common-law marriage in Massachusetts is proven abundantly, even if the certificate of the Rhode Island clergyman was deceptive, and made to obtain the consent of the defendant's parents to her marriage with Morrison. The right of the plaintiff to the divorce seems clear, and it would not avail the defendant if she was induced by fraud to let a decree go against her by default if she in point of fact had no defense. Blank v. Blank, 107 N. Y. 91, 13 N. E. Rep. 615. The order should be reversed, with costs and disbursements, and the motion, denied, with costs. All concur.