(4 App. Div. 527)

### BELL v. BELL.

(Supreme Court, Appellate Division, Fourth Department. April 18, 1896.)

1. FOREIGN JUDGMENT—COLLATERAL ATTACK.
   A defendant who was not personally served with process and never appeared in an action against him in a foreign state may attack the judgment rendered therein, on the ground that the court never acquired jurisdiction.

2. DIVORCE—EFFECT OF FOREIGN DECREE.
   A decree rendered in a state of which neither party was a resident, but to which plaintiff went for the sole purpose of bringing the suit, is not binding on defendant in the state of her residence, where she was not personally served with process and did not appear in the action.

Appeal from judgment on report of referee.

Action by Mary G. Bell against Frederick A. Bell for divorce. There was a judgment in favor of plaintiff, and defendant appeals. Affirmed.

The action was brought to obtain a divorce on statutory grounds. December 22, 1894, this action was begun by the personal service of the summons and complaint on the defendant, at the city of Buffalo, for the purpose of obtaining a judgment of divorce on the ground of his alleged adultery. The defendant appeared and filed an answer in which he denies the commission of the acts of adultery alleged in the complaint, and sets up two affirmative defenses: (1) That on the 8th of January, 1895, the marriage of the parties was dissolved by the court of common pleas of the county of Jefferson, in the state of Pennsylvania; (2) that at a time and place mentioned the plaintiff committed adultery, which is set up as a defense and as a counter-claim. The plaintiff replied to the answer, denying the allegations of adultery therein, and alleged that neither she nor her husband was ever a resident or citizen of the state of Pennsylvania; that she was not served with process in the action in Pennsylvania, did not appear therein; that the court never acquired jurisdiction of the parties; and that the judgment entered was void and of no effect, as between them, for the want of jurisdiction. The issues were referred to a referee to hear and determine, who reported that the defendant had committed adultery, as alleged in the complaint, but that the plaintiff had not, as alleged in the answer. It was also found that when this action was begun both of the parties were residents of this state, and that the defendant in this action was not a resident of the state of Pennsylvania while his action was being prosecuted in that state, but was a resident of New York, and that the defendant in that action (the plaintiff in this) was not served with the process in Pennsylvania, and did not appear in the

action. Upon these facts, and on evidence of the value of the defendant's estate and the amount of his annual income, a judgment of divorce was granted to the plaintiff, with alimony at the rate of $3,000 per year. January 24, 1878, the litigants were married at Bloomington, Ill., at which time the plaintiff resided at that place, and the defendant at the city of Rochester, N. Y. For about two years after their marriage they resided at Rochester, and then moved to Buffalo, where they lived as husband and wife until September, 1882, when the plaintiff left the residence of the defendant, and returned to the home of her mother, at Bloomington, Ill. From September, 1882, until November, 1894, she lived with her mother at Bloomington, except that during that period she went on three occasions to Europe, at one time remaining 13 months. In November, 1894, she and her mother went to Brooklyn, where they remained until March, 1895, when the plaintiff took up her residence at the Cambridge, in the city of New York, where she has since resided. April 9, 1894, the defendant in this action began an action in the court of common pleas of Jefferson county, Pa., against the plaintiff in this action, for a divorce; alleging as a ground that he was a resident of that state, and that she had deserted him. An original subpoena was issued on the 10th of April, 1894, to the sheriff, who made return that the defendant could not be found. On the 17th of May, 1894, an alias subpoena was issued, and delivered to the sheriff, who in September, 1894, returned that the defendant could not be found. On the 14th of September, 1894, a pluries subpoena was issued, requiring the defendant to show cause on the second Monday (10th day) of December, 1894, why a divorce should not be granted. This subpoena, pursuant to the order of the court, was published for four successive weeks in the Brookville Republican, in the issues of October 17, 1894, October 20, 1894, October 31, 1894, and November 7, 1894. December 1, 1894, the pluries subpoena was inclosed in a postpaid envelope, and addressed, "Mrs. Mary G. Bell, Bloomington, Ills.," and deposited in the post office at Reynoldsville, Pa., which was duly received at Bloomington, Ill., and forwarded by the post-office authorities to the plaintiff at Brooklyn, N. Y., where she received it December 4, 1894. The same day on which the pluries subpoena was mailed to the plaintiff, the examiner appointed to take the evidence in the case mailed a notice to her, at Bloomington, Ill., that he would attend to the duties of his appointment December 4, 1894, which notice she received at Brooklyn, N. Y., December 4, 1894,—the day appointed to take the evidence. In December, 1894, the evidence offered by the plaintiff in that action was taken before the examiner, who reported it to the court; and January 8, 1895, a judgment was entered by the court of common pleas of Jefferson county divorcing the litigants. This judgment was entered 17 days after the service of the summons and complaint in the case at bar.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD, and GREEN, JJ.

Henry H. Seymour, for appellant.
Charles B. Wheeler, for respondent.

FOLLETT, J. The plaintiff, not having been personally served with process, and never having appeared in the action prosecuted in the court of common pleas of the state of Pennsylvania, had the right to attack the judgment rendered by that court, on the ground that it never acquired jurisdiction over her, and also on the ground that the plaintiff in that action was not a citizen of Pennsylvania; and it was competent to support her contention by oral and documentary evidence. The recitals in the Pennsylvania judgment were not conclusive or binding on her. Thompson v. Whitman, 18 Wall. 457; Kerr v. Kerr, 41 N. Y. 272; Cross v. Cross, 108 N. Y. 628, 15 N. E. 333; Rigney v. Rigney, 127 N. Y. 408, 28 N. E. 405; Van Fleet, Coll. Attack, §§ 388, 389, and cases cited. It is not asserted that

the plaintiff in this action ever resided in Pennsylvania, or that she was personally served with process in that state, or that she appeared in that action; and the evidence is ample to sustain the finding of the referee that the defendant in this action was not a resident or citizen of Pennsylvania, but went there solely for the purpose of instituting and prosecuting his suit for a divorce. These facts being well found, it is settled by a long line of authorities in the courts of this state that the judgment of the court of common pleas of Pennsylvania is not binding on the plaintiff, and is not a bar to her action for a divorce. Kerr v. Kerr, 41 N. Y. 272; Kinnier v. Kinnier, 45 N. Y. 535; Hoffman v. Hoffman, 46 N. Y. 30; People v. Baker, 76 N. Y. 78; O'Dea v. O'Dea, 101 N. Y. 23, 4 N. E. 110; Jones v. Jones, 108 N. Y. 415, 15 N. E. 707; Cross v. Cross, 108 N. Y. 628, 15 N. E. 333; Rigney v. Rigney, 127 N. Y. 408, 28 N. E. 405; same case, sub. nom. Laing v. Rigney, 160 U. S. 531, 16 Sup. Ct. 366; Williams v. Williams, 130 N. Y. 193, 29 N. E. 98; Atherton v. Atherton, 82 Hun, 179, 31 N. Y. Supp. 977.

It was shown that the defendant has an estate of the value of more than $300,000, and is in the receipt of a large annual income. During the married life of these parties the defendant owned, and they occupied, an expensive home, handsomely furnished; kept horses, carriages, a butler, a coachman, and a number of servants; and the sum allowed to the plaintiff for alimony, with the income of her estate, will not enable her to live in the same style and position that she did during her married life. The defendant gave no satisfactory evidence of the amount of his estate, and we think the estimate of the referee of its value and of defendant's income a conservative one, and that the sum allowed for alimony is not excessive.

The judgment should be affirmed, with costs. All concur.