(19 App. Div. 368.)

## McGOWN v. McGOWN.

(Supreme Court, Appellate Division, First Department. July 2, 1897.)

1. FOREIGN DIVORCE—SUBSEQUENT MARRIAGE—ADULTERY.
The courts of New York do not recognize a divorce procured in another state, to which plaintiff went from her home, in New York; for the purpose of obtaining a divorce; and where summons was not served personally on defendant in such other state, and he did not appear in the action, such divorce, where plaintiff remarries, is not a defense to an action by defend-ant in New York for divorce on the ground of adultery.

2. SAME—CUSTODY OF CHILDREN.
The custody of a child will be awarded to the father, where the mother left him and the child, and went to another state, for the purpose of pro-curing the divorce.

Appeal from special term, New York county.

Action by Henry P. McGown, Jr., against Mary E. McGown, an-swering the complaint under the name of Mary E. Bell, for divorce. From a judgment in favor of plaintiff (43 N. Y. Supp. 745), defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTER-SON, O'BRIEN, and INGRAHAM, JJ.

L. E. Prendergast, for appellant.
C. Blandy, for respondent.

PATTERSON, J. By the judgment appealed from, an absolute divorce was granted to the plaintiff from the defendant on the ground of the adultery of the latter. That adultery consisted in her co-habitation with another man than the plaintiff, with which other man she entered into a ceremonial marriage in North Dakota in September 24, 1896, and with whom she has since lived and co-habited as his wife in the city of New York. She claims as a de-fense to this action that her present so-called matrimonial relations with the man she married in Dakota are not adulterous, and that her cohabitation with him is lawful and innocent; and in support of that contention she asserts that, eight days prior to her North Da-kota marriage, she obtained a decree of divorce in that state from the plaintiff. That such a decree was entered is proven, but it is also proven that the plaintiff was never served with process in that action, and that he did not appear therein, and was never a resident of North Dakota. It is conceded that the Dakota decree of divorce is within this state an absolute nullity, as affecting the plaintiff; but the claim is that defendant was lawfully divorced in North Dakota, was at liberty to marry there, and that, her contract of marriage made there being valid by the law of that state, she is not guilty of adultery in maintaining her existing matrimonial relations with the person she married there. It is unnecessary to discuss the ques-

tion of the validity of the defendant's second marriage, as between the parties to it, and under the law of North Dakota. Under the law of this state, the marriage between the plaintiff and the defendant was not dissolved by the decree of the Dakota court. The defendant still remained the wife of the plaintiff, and while so remaining she cohabited with another man, and lived with him matrimonially. The intercourse which results from such a relation with a man other than the plaintiff constitutes adultery. The status of the defendant in the courts of this state, as to the plaintiff, is to be fixed and defined by the law of this state, and not by that of the state of North Dakota. The plaintiff was entitled to sue here for a divorce. Bell v. Bell, 4 App. Div. 529, 40 N. Y. Supp. 443, and cases there cited. And his action must necessarily proceed upon the basis that his marriage with the defendant was in this state, still intact and undissolved. He was her husband, she his wife, and while that relation existed she had sexual relations with another man. What contract she voluntarily made with that other man is of no consequence as affecting this plaintiff. It is her act that constitutes the offense, and, no matter under what claimed sanction she may have performed it, she cannot excuse it as to him, or keep him bound to that marriage, by claiming immunity through a decree of a foreign tribunal in no wise binding upon him in this jurisdiction, and which cannot here take away or impair his right in any respect.

The only subject remaining is that provision of the decree which awards the custody of the child to the father. He was entitled to it, and should have it. On this record, the mother is an unfit person to bring up the child; she having, as adjudged, been guilty of adultery. It is needless to narrate the circumstances of deceit under which she left her husband, ostensibly to make a visit to friends in Minnesota, but really, as the event shows, to gain a 90-days residence in Dakota, to qualify herself to procure an absolute divorce, which was followed by her remarriage 8 days after that decree was obtained. She left her child behind her, with its father. He was thought to be a proper custodian of that child while she was in the far West, seeking a divorce from the father of her child, and a technical justification for repudiating him and marrying another man. The court below was right in leaving the child just where the mother left it when she deserted it, and where it should remain until the further order of the court, as the decree provides.

The judgment is affirmed, with costs. All concur.