HAMILTON v. HAMILTON.

(Supreme Court, Appellate Division, First Department. May 6, 1898.)

1. DIVORCE—OPENING DEFAULT.
Although the rule is that a default will not be opened to permit a defense to be interposed which is not meritorious, it has not been vigorously applied in actions for absolute divorce, on account of the bearing that such actions have upon the status of the parties and their offspring.

2. SAME—MISTAKE OF ATTORNEY.
Upon a motion by a defendant, in an action for absolute divorce, to open a judgment taken by default, it appeared that the default had resulted from the mistaken view of her attorney as to her wishes in respect to answering, and that she was desirous of litigating the validity as a defense of a decree of divorce formerly obtained by her against the plaintiff, in Connecticut. *Held*, that the proposed defense was one which should properly be determined upon a trial, and that the judgment should be opened.

McLaughlin and Patterson, JJ., dissenting.

Appeal from special term, New York county.

Action by Mark K. Hamilton against Hattie Maud Hamilton. From an order denying defendant's motion to open judgment by default, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Franklin Bien, for appellant.
David A. L'Esperance, Jr., for respondent.

O'BRIEN, J. A judgment for absolute divorce upon the ground of the defendant's adultery was entered on the 24th of February, 1898. The defendant served a notice of appearance and demand in the action, but interposed no answer, and for the latter failure judgment was entered. The day after entry of judgment, the defendant changed her attorneys, and obtained an order of substitution. Subsequently, on March 7th, an order to show cause was obtained to open the default, and allow the defendant to interpose her answer, which was annexed to the motion papers, together with her affidavit of merits. In her affidavit the defendant agreed, if permitted to answer, to accept short notice of trial, and to pay her own legal expenses. The plaintiff opposed the motion, which was

denied, and it is from the order entered thereon that this appeal is taken.

It appears that when this action was commenced the defendant resided with one whom she claims to be her husband, in Brooklyn. She retained counsel, who served a notice of appearance, but omitted to serve an answer, although the adultery alleged was cohabitation with the person with whom she was living, and whom she claims to have married after having obtained a divorce in Connecticut from the plaintiff. The defendant, in her affidavit, states that she was not advised by her attorney of the various steps taken in connection with the litigation, "except I distinctly instructed him that I proposed to defend the action on the ground that the charge of adultery made against me in the amended complaint was absolutely false and untrue, and that I wanted my rights protected. Thereafter I saw my attorney as well as the plaintiff's attorney (whom I knew) in reference to the coming on of the trial of this action, at that time not knowing that my attorney had failed to interpose any answer in the action, not being acquainted with the legal technicalities or the necessary steps to be taken, but relying upon my attorney to protect me; and when I asked about the trial, which I only ascertained from the fact that my sister had been served with a subpœna to attend the trial, I was informed by the plaintiff's attorney as well as my own attorney that there was no necessity of my attending the trial of this action, that everything would be done to protect my interests so far as possible, and for that reason I did not attend the trial of this action." Although it does not appear (because no opinion was written) why the judge below denied the application, we can infer from the line of argument pursued upon this appeal that the ground was that the defense sought was not a good one. It is not disputed that this plaintiff and defendant were man and wife, and that subsequently the defendant went to Connecticut, obtained a residence there, and brought suit; but the plaintiff insists that no service of process in that Connecticut suit was made upon him, and that the subsequent cohabitation between the defendant and the person with whom she went through a marriage ceremony after the Connecticut decree of divorce was adulterous. The defense, therefore, which is sought to be interposed by the answer is the validity of the Connecticut decree of divorce obtained by the defendant. The plaintiff claims not to have been served in the Connecticut action; but, whether he was or not, and, if he was not, the effect of such failure upon the validity of the decree, are matters which we think should be determined upon a trial. The default of the defendant in answering was seemingly due to the mistaken view of her former attorney as to her wishes. It now being made clearly to appear that she did not desire him to permit the action to go by default, but that she intended that he should interpose an answer and litigate the validity of the Connecticut decree, we do not think that the merits of the proposed answer should be determined upon this appeal. The default suffered was the result of an evident mistake between client and attorney; and, as the client moved promptly to open the de-

fault, we think that, in view of the serious character of the charge made, she should have her day in court. If it should appear upon the trial that the Connecticut decree was obtained without service of process upon the defendant therein (this plaintiff), and therefore without the court having obtained jurisdiction, it will be of little use to her, because that question must be regarded as completely settled and disposed of by numerous decisions, so far as the courts of this state are concerned, though it still remains to be determined by the United States supreme court, to which the defendant states she intends to carry it. Although the rule is that a default will not be opened to permit a defense to be interposed which is not meritorious, it will be found that it has not been vigorously applied in actions for absolute divorce, but on account of the bearing that such actions have upon the status of the parties and their offspring it has been the frequent practice of the court to open defaults, and, upon application, permit either party to defend against charges of adultery. It has rarely been denied, except in cases where there has been laches, or where some other facts are made to appear from which it can be seen that injustice would result from permitting the opening of such a default. As nothing of that nature appears here, we think that the defendant is entitled to her day in court, where the merits of her defense can be passed upon. If there is any valid reason why the judgment should stand in the meantime, that can be determined on the settlement of the order.

The order below should therefore be reversed, without costs of this appeal, and the motion granted, without costs.

VAN BRUNT, P. J., and INGRAHAM, J., concur.

McLAUGHLIN, J. (dissenting). I think the order appealed from should be affirmed.

1. The moving papers did not show any valid reason for opening the default. The defendant had actual knowledge of the time when the trial was to take place, but she did not then have interest enough therein to even attend the same.

2. The moving papers did not establish that the defendant had any defense to the action. Indeed, there is nothing contained in the record before us from which it can be fairly inferred that, if the default be opened, the defendant could successfully defend the action. And a judgment ought not to be set aside, and an opportunity afforded for a new trial, unless there be at least a probability of a different result being reached. Blank v. Blank, 107 N. Y. 91, 13 N. E. 615. To justify opening a default, a satisfactory excuse must not only be presented, but facts must be stated from which the court can reach a legal conclusion, based thereon, that a different judgment may be rendered at the conclusion of another hearing, and there is not a single allegation in the moving papers which would have justified the court at special term in reaching that result, and the motion for that reason was properly denied. It will be observed that the defendant did not deny the truth of a single fact found by the trial court upon which the judgment sought to be

set aside was rendered. The only excuse urged upon the oral argument before us—and the same plainly appears from the record—for opening the default was that the defendant desired to be in a position to appeal from the judgment, and ultimately have the supreme court of the United States pass upon the validity of the Connecticut judgment. Under the law of this state as declared by numerous decisions, the defendant has no defense to the action. McGown v. McGown, 19 App. Div. 369, 46 N. Y. Supp. 285; Bell v. Bell, 4 App. Div. 527, 40 N. Y. Supp. 443; Kerr v. Kerr, 41 N. Y. 272; Hoffman v. Hoffman, 46 N. Y. 30; People v. Baker, 76 N. Y. 78; O'Dea v. O'Dea, 101 N. Y. 23, 4 N. E. 110. And, this being so, the judgment, regularly rendered, and upon the strength and validity of which the rights of other persons may have become involved, ought not to be disturbed.

For these reasons I am unable to concur in the opinion of Mr. Justice O'BRIEN.

PATTERSON, J., concurs.