(30 App. Div. 461.)

BAILIE v. BAILIE.

(Supreme Court, Appellate Division, First Department. June 10, 1898.)

1. DIVORCE—JURISDICTION.
　　A court of another state is without jurisdiction to grant a divorce against a resident of New York, in an action in which he has neither been served with process, nor appeared.

2. SAME—ALIMONY AND ATTORNEY'S FEE.
　　If, in a husband's action for an absolute divorce, the defendant confesses the commission of the acts charged, and sets up no affirmative defense sufficient to defeat plaintiff's recovery of a decree, it is not proper to allow her a counsel fee, nor, by requiring the payment to her of a weekly sum pending the suit for the support of their child, to impliedly recognize her right to his custody.

Appeal from special term, New York county.

Action by George S. Bailie against Lydia Conklin Bailie. From an order, plaintiff appeals. Reversed.

The order appealed from directs the plaintiff to pay to the defendant's attorney a counsel fee of $250, and also directs him to pay to the defendant the sum of $10 per week for the support of Lilian M. Bailie, the child of the plaintiff and defendant, during the pendency of the action.

Argued before BARRETT, RUMSEY, McLAUGHLIN, and O'BRIEN, JJ.

Edward S. Clinch, for appellant.
Ernest T. Fellowes, for respondent.

BARRETT, J. The action is for an absolute divorce. The plaintiff charges the defendant with adultery. The defendant admits the

sexual acts charged, but denies that they were adulterous. She alleges that the person with whom these acts were committed was her lawful husband. To sustain this position, she sets up a decree of divorce obtained by her against the plaintiff in the state of South Dakota, and she avers that after this decree was rendered she married the person whom she so claims to be her lawful husband. It appears from the papers that the plaintiff in the present action was not served with process in the defendant's action against him in South Dakota, nor did he appear therein. Consequently the court there acquired no jurisdiction over him, and as to him the decree of divorce was void. It follows that the intercourse under the subsequent marriage was adulterous. McGown v. McGown, 19 App. Div. 368, 46 N. Y. Supp. 285. As such adulterous intercourse stands confessed upon the record, it was not proper to allow the defendant a counsel fee, or to require the plaintiff to pay her a weekly sum for the support of the child of their marriage. The plaintiff, under the circumstances, is the proper custodian of the child; and the court should not, even impliedly, recognize the defendant's right in that respect by requiring the plaintiff to furnish her with the means of maintaining the present custody. Applications for alimony and counsel fee should not be granted where the wife either confesses the adultery, or confesses the act charged as such, without lawful excuse. The case of Starkweather v. Starkweather, 29 Hun, 488, is not in point. There the defendant made counter charges of adultery against the plaintiff. "The issue of his [plaintiff's] adultery," said Presiding Justice Smith, "is in the case; and, if the defendant succeeds on that issue, she will make out a complete defense to the action although the decree of divorce on which she relies should be held to be void." For that reason the court reversed the order, with leave to renew at special term; holding that where the wife denies her guilt, or sets up affirmative defenses, counsel fee and alimony will be allowed her, unless the court is satisfied that she is altogether in the wrong, or has no reasonable ground of defense. Here the defendant confesses that she has committed the acts which constitute guilt, and she sets up no affirmative defense which can prevent the legal consequences attaching to these acts.

The order should therefore be reversed, and the motion denied. All concur.