PAULINE CIULLA, Plaintiff, *v.* DAVID CIULLA, Defendant.

Supreme Court, Special Term, Queens County, November 29, 1954.

*George H. Skolsky* for plaintiff.

*Rothenberg, Atkins & Koss* for defendant.

HALLINAN, J. Motion by plaintiff for an order dismissing the counterclaim on the ground that it does not state facts sufficient to constitute a cause of action (Rules Civ. Prac., rule 109). On such a motion we must assume the truth of the facts pleaded in said counterclaim.

Defendant alleges that on September 17, 1949, he and the plaintiff participated in a ceremony of marriage at which time plaintiff was legally free to marry him. He contends, however, that said marriage was voidable because of the fraud of the plaintiff.

Some time prior to 1938, the plaintiff herein married one Ottavio Valle. Some time between 1938 and September, 1948, while the said Ottavio Valle was still living and his marriage to the plaintiff had not been dissolved, the plaintiff married one Emil Gehm. In 1948, the plaintiff represented to the defend-

ant that prior to her marriage to Gehm she had divorced Valle, which was not the fact. She further represented, in 1948, that she was then married to Gehm and intended to divorce him. In September, 1948, plaintiff commenced an action against Gehm for a divorce in the Supreme Court, Queens County, and obtained an interlocutory decree in October, 1948, which became final in January, 1949. While that decree was still interlocutory, on November 20, 1948, plaintiff commenced an Enoch Arden proceeding in the Supreme Court, New York County, pursuant to section 7-a of the Domestic Relations Law to dissolve her marriage to Valle. On March 14, 1949, plaintiff was granted an interlocutory decree in that proceeding, which became final on June 14, 1949. It is further alleged that the said Ottavio Valle is still living and has never remarried, and that the plaintiff knew that Valle was alive and that her testimony in the Enoch Arden proceeding was false and perjurious. Defendant further alleges that plaintiff led him to believe that she had obtained a valid divorce from Valle and that she had contracted a valid marriage with Gehm; that he believed the aforesaid representations to be true and by reason thereof was induced to consent to and enter into his marriage with the plaintiff.

Because of the prominence and emphasis with which defendant pleads the facts regarding the Enoch Arden proceeding, plaintiff has been understandably misled into thinking that defendant is collaterally attacking the Enoch Arden proceeding or that said proceeding is the sole ground for his counterclaim. Much of the briefs on both sides has been addressed to those two propositions. It will be noted, however, that defendant has also alleged that he was defrauded into believing that plaintiff, in 1948, was the wife of Emil Gehm by virtue of a valid marriage, whereas the fact was that she was then merely living with him in an illicit liaison because her marriage to Valle had not been terminated by any decree, valid or invalid, truthfully or perjuriously obtained.

Fraudulent representations regarding the prior marital status of one of the parties to a marriage can be the basis of an annulment. (*Blank* v. *Blank*, 107 N. Y. 91.) In a more recent case, *Gambacorta* v. *Gambacorta* (N. Y. L. J., April 13, 1954, p. 7, col. 8), the plaintiff was granted an annulment where the defendant had falsely represented that she had obtained a divorce from her former husband in the State of Florida based on his extreme cruelty, when in truth and in fact her prior husband had obtained a divorce against her in this State for her adultery.

In the instant case it cannot be said as a matter of law that plaintiff's representation that she was validly married to Gehm, when in fact she was merely living with him illicitly, would not have been a material inducement to the marriage herein. It follows that the counterclaim contains sufficient allegations to state a cause of action. The motion is therefore denied. Submit order.