LUCY SEMARIA, Petitioner, *v.* HENRY SEMARIA, Respondent.

Domestic Relations Court of New York, Family Court, New York County, January 25, 1943.

*William Lambert* for respondent.

*William C. Chanler, Corporation Counsel (Alice E. Trubin* of counsel), for petitioner.

SEIGEL, J. The respondent moves for an order vacating the warrant of arrest issued on the 9th day of September, 1930, and for an order vacating all the proceedings heretofore had herein.

On the 21st day of January, 1922, respondent was ordered by the Family Court, which at that time was part of the Magistrates' Court system, to pay for the support of his wife Lucy Semaria the sum of eight dollars weekly. Thereafter on the 19th day of April, 1927, the respondent was tried in the Family Court and was directed to pay the sum of five dollars per week for the support of his wife; on the 8th day of October, 1928, respondent, represented by counsel, appeared in the Family Court and consented to the entry of an order of five dollars weekly to be paid by him for the support of his wife. Respondent continued to make these payments until August 2, 1929. Later, on July 21, 1930, the respondent appeared, and after a hearing he was directed by the court to pay seven dollars per week for the support of his wife. Respondent having failed to comply with this order, a warrant for his arrest was duly issued on the 9th day of September, 1930.

Up to the present time respondent has not surrendered and has not been apprehended. On the other hand he has chosen, by remaining out of the jurisdiction of the court, to make three motions through counsel for a vacatur of these proceedings. The respondent was present at the hearing held on the 19th day of April, 1927, and also on the 8th day of October, 1928. On both of these occasions respondent did not claim that a decree of divorce had been obtained by him in Texas on the 8th day of October, 1926. He had an opportunity to set up this claim as a defense, if he so desired. He knew that on September 9, 1930, a bench warrant had been issued by the court, yet, in accordance with his own affidavit, he states that he married in 1930. He does not disclose the date or the place of this marriage. The respondent claims that he was in and out of the United States Army and during the time that he was in the Army he had instituted an action for divorce. There was no personal appearance by the petitioner herein and, had the petitioner been informed of the divorce action, she was in no financial position to defend the same.

The record of petitioner's appeal to various charitable organizations and by the city of New York for support is a long one. At the present time the petitioner is receiving for her support from the Department of Welfare of the City of New York the semimonthly allowance of twenty dollars and twenty cents for her maintenance.

The present Family Court was formed by legislative enactment in 1933 (L. 1933, ch. 482) and all cases formerly dealt with by the Family Courts of the Magistrates' Courts were transferred to the Family Court Division of the Domestic Relations Court and therein continued. (N. Y. City Dom. Rel. Ct. Act, § 3.)

The issue before this court at this time is one of law. It is not one of fact as urged by the respondent husband. A motion identical to the one now before this court was made on the 27th day of May, 1936, and Presiding Justice HILL denied the relief then requested. On the 25th day of April, 1938, a reargument of the same motion, predicated on the same papers, was heard by Mr. Justice HILL. The court adhered to his original decision. The record shows that respondent did not appeal from these decisions. He is, therefore, bound by the decisions previously made in this court. Because of the recent decision of the United States Supreme Court in the case of *Williams* v. *North Carolina* (317 U. S. 287) the respondent contends that this court has the power to entertain this motion and to reverse the action twice taken by Mr. Justice HILL.

The principle of *stare decisis* must be invoked here. In *Sears, Roebuck & Co.* v. *9 Ave.-31 St. Corp.* (274 N. Y. 388, 400, 402) the Court of Appeals has expressed itself as follows:

" A decision of a court of competent jurisdiction determines conclusively the questions of law and of fact necessarily involved in the dispute between the parties to the litigation. It does not conclusively determine anything else. Though the determination of the question of law involved in that litigation may dictate a similar conclusion in litigation between other parties where similar questions are involved, yet such parties may still challenge the correctness of the original decision and the court may refuse to follow it. True, inconsistent decisions rendered in disregard of the principle of *stare decisis* tend to make the law uncertain and unstable. A final appellate court may hesitate to disregard a precedent. It is free to do so when convinced that its earlier determination is unsound. Though, in such case, we speak of ' overruling ' a previous decision, that is a figure of speech which is not entirely accurate. We cannot

destroy or diminish the legal effect of the earlier decision. It remains as between the parties a conclusive determination of the questions both of law and fact there litigated. We can refuse to follow it as a precedent when in litigation between other parties similar questions of law are presented. Thus a decision of this court ' overruling ' a previous decision is not, at least in theory, a retrospective change of the law; it is merely a reformulation of the general rules of law which we deem applicable in a particular situation. (Cf. *People ex rel. Rice* v. *Graves,* 242 App. Div. 128, affd., 270 N. Y. 498.)

'' Here, indeed, we are not concerned with the effect of a decision which ' overrules ' an earlier decision of this court or revises an earlier formulation by it of a general rule of law. The questions of law presented in the *Prudence* case [*Prudence Co.* v. *160 W. 73d St. Corp.,* 235 App. Div. 543] had not previously been presented here. We disapproved a long-continued practice in foreclosure proceedings, founded, as we believed, upon erroneous decisions of intermediate appellate courts. The rules formulated in those decisions were, as we held, incorrect statements of the law as it existed when the decisions were rendered. This court might have reversed those decisions if they had been brought here for review. In rejecting the principles underlying these decisions, we were not disregarding the principle of *stare decisis.* We were attempting to settle a question of law which until then had not been presented or determined by the final tribunal of the State.

'' None the less, it must be remembered that we did not and could not change the conclusive effect of the earlier decisions of the intermediate appellate court which had not been brought up here for review, including the order of the Appellate Division which directed this plaintiff to pay ' occupational rent ' to the receiver so long as the plaintiff continued to occupy the leased premises. That order was a decision, even though we may assume that it was erroneous, by a court of competent jurisdiction. Though it was not a final determination of the foreclosure action and, therefore, not appealable to this court except by permission of the Appellate Division, it was intended to be final determination of the questions necessarily presented upon the interlocutory motion made by the receiver, *viz.,* whether the mortgagee even before judgment of foreclosure had a title paramount to that of the mortgagor who had leased the premises to the plaintiff and whether by virtue of such title the receiver appointed in the foreclosure action was justified in insisting upon payment of occupational rent in disregard of the agree-

ment of the mortgagor. It cannot be said that the court lacked jurisdiction to determine those questions, even though, as we have said in the *Prudence* case, the court would have no ' power ' to direct the tenant to make such payment to the receiver unless it determined that the receiver had such paramount title. That determination, though made upon an interlocutory motion, was binding upon the parties to the motion. It was not a tentative decision but was intended to fix rights. (*Bannon* v. *Bannon*, 270 N. Y. 484.) It was binding upon any persons who were parties to the application made by the receiver. (*Markantonis* v. *Madlan Realty Corp.*, 262 N. Y. 354.) "

It is true that in view of the remarriage of the respondent that the principles enunciated in *Krause* v. *Krause* (282 N. Y. 355) may be urged by the respondent, but his first duty in order to have that question threshed out before this court is to surrender and then have all the facts presented by him to the justice who will be presiding at such time.

Therefore, the motion to vacate the warrant and for such other relief as is requested by the respondent is in all respects denied.