ROSARIO G. SCHNABEL, Plaintiff, *v.* ROBERT SCHNABEL, Defendant.

Supreme Court, Special Term, New York County, February 8, 1943.

*Herbert C. Smyth* and *George Nathanson* for defendant.

*Javits & Javits* for plaintiff.

PECORA, J. Defendant moves for reargument of certain motions heretofore decided adversely to him. Reargument is granted and upon reconsideration the following disposition is made.

The original decision denying defendant's motion to open his default in answering the complaint and to vacate the judgment of separation herein entered on November 15, 1940, and the judgments for temporary alimony entered after April, 1940, is adhered to. Apart from the question of the timeliness of the motion to vacate upon the merits of the application, I do not believe defendant has presented any exculpatory facts to excuse his deliberate default, nor has he shown any sound basis for a defense to the action. No element of inadvertence or mistake enters here. In conformity with his attitude upon all phases of the proceedings in this court, defendant intentionally disregarded the process of the court and wilfully failed to answer the complaint. Now that the consequences of his actions have caught up with him, I do not think his request for relief on this score should be favorably entertained.

The additional ground urged for vacating the judgment is that defendant had obtained a decree of divorce in the State of Florida on October 10, 1940, before rendition of final judgment herein. Defendant contends that under the decision of the United States Supreme Court in *Williams* v. *North Carolina* (317 U. S. 287) the decree of the State of Florida was entitled to

full faith and credit in this proceeding, and that, therefore, this court was without jurisdiction to grant the decree of separation, since such a decree necessarily requires the existence of a valid marriage.

It has been held that the mere entry of a judgment in a foreign court does not deprive any forum of jurisdiction. Such a decree must be pleaded in an answer and evidence of its existence must be offered to the court of the forum. (*Cole* v. *Cunningham*, 133 U. S. 107; *Wisconsin* v. *Pelican Ins. Co.*, 127 U. S. 265.) Furthermore, there still would remain the question of defendant's *bona fide* residence in Florida in order for this court to be bound by the Florida decree. If defendant was not domiciled in Florida, and there is no evidence before me that he was, then this court, even under the *Williams* decision (*supra*), is not bound to give full faith and credit to that decree. (*Matter of Bingham*, 265 App Div. 463; *McCarthy* v. *McCarthy*, 179 Misc. 623; *Bell* v. *Bell*, 181 U. S. 175.) Defendant has not established sufficient grounds for vacating the judgment of separation upon this contention.

Furthermore, the answer he proposes to interpose is obviously insincere and unmeritorious. The counterclaim therein contained is entirely at variance with the assertions made by defendant in a letter to the court after the decision upon the original motion, wherein the defendant very clearly stated that he wished to " resume " his marital relationship with plaintiff.

The defendant has had a number of opportunities to have his day in court. He has chosen to ignore them. Now that his last avenue of escape is closed to him, although he may be an object of sympathy, he is not a proper subject to invoke the court's favor. However, in doing justice to plaintiff and in upholding the processes of this court, it is not necessary to deal unjustly with defendant. His present predicament, and the penalties which have been imposed upon him, may be disproportionate to his guilt. Consequently, as to the motion to reduce alimony, the original decision will be altered to the extent of denying the same without prejudice to a renewal thereof upon proper papers. Perhaps upon such renewal, the court will afford defendant a hearing upon which his financial condition can be determined in a contested proceeding. With respect to the application to reduce bail under the order of arrest, I do not believe that the provisions of section 842 of the Civil Practice Act and rule 83 of the Rules of Civil Practice would prohibit this court from affording relief, even though the application was not made within twenty days after the arrest.

The language of those sections is couched in permissive, rather than mandatory, terms. Therefore, upon reconsideration it now appears to me that the bail fixed is excessive. Defendant is presently committed for contempt for nonpayment of alimony amounting approximately to $32,000. He is also confined in jail under an order of arrest bailable in almost the same amount. While his punishment for contempt will not extend beyond a six months' period, defendant will still find himself in jail if he cannot post bail equal in amount to the unpaid alimony. The order of arrest should not be used as a substitute for a contempt order. The interests of justice do not require bail which may be so prohibitive that it will amount to permanent incarceration of defendant. Nevertheless, the past actions of defendant have not demonstrated any inclination on defendant's part to remain in the jurisdiction subject to this court's process unless some forceful influence compels his attendance. Therefore, bail here cannot be fixed in the nominal sum suggested by defendant. Under all the circumstances I find that the bail should be reduced to the sum of $15,000, and the original decision is amended to conform to that conclusion.

The motion is in all other respects denied. Settle order.