Annabelle Meyers, Plaintiff, *v.* Samuel Meyers, Defendant.

Supreme Court, Special Term, New York County, February 9, 1943.

*Abraham Fleischmann* for defendant.

*Joseph Goldberg* for plaintiff.

Shientag, J. The motion to dismiss the complaint for legal insufficiency is denied. The pleading, giving to it the most favorable inferences to which it is entitled, charges that the domicile of the husband in Nevada, in which State he obtained a divorce against his wife by publication, was sham and fictitious. Under those circumstances, *Bell* v. *Bell* (4 App. Div. 527, affd. 157 N. Y. 719, affd. 181 U. S. 175) would seem to be controlling. Whether that case would now be followed was left open in the recent decision in *Williams* v. *North Carolina* (317 U. S. 287). In the absence of a definite expression to the contrary by the United States Supreme Court, we have a right to assume that *Bell* v. *Bell,* holding that at least the plaintiff must be genuinely domiciled in the divorce State, is still good law.

The United States Supreme Court has given no intimation of the minimum standards of domicile in the divorce State sufficient to warrant application of the full faith and credit clause of the Constitution (art. IV, § 1). Whether in the absence of any such definition the test shall be laid down by the divorce State which has assumed jurisdiction, or by the State in which that assumption of jurisdiction is attacked, will have to await the trial of the action. I am not called upon to pass on that question on this motion addressed to the sufficiency of the pleading.