BERTHA BUTLER, Plaintiff, *v.* THOMAS BUTLER, Defendant.

Supreme Court, Special Term, New York County, February 15, 1943.

*William F. O'Connell* for plaintiff.

*Solomon M. Chadabe* for defendant.

SHIENTAG, J. The plaintiff in this case sues the defendant, her husband, for a divorce on the ground that he is now cohabiting as man and wife with another woman. The husband's defense is that he obtained a divorce from the plaintiff in the Territory of Hawaii in 1941 in an action in which she was served by publication.

The testimony in the case indicates that the parties were married in this State in 1929. In 1932 a son was born, the only issue of the marriage. In 1934 the husband deserted his wife and child. In 1937 he went to Hawaii, where he was employed for about four years, at the end of which time he obtained the divorce referred to, not based upon personal service. Shortly after he obtained the divorce in Hawaii he returned to this country, remarried and came back to the State of New York to live with his new wife.

He has set up as a separate defense in this action the decree of the Circuit Court of the Territory of Hawaii and urges that it is entitled to full faith and credit and that he is legally divorced from the plaintiff in this action and has legally remarried.

Until the recent decision of the United States Supreme Court in *Williams* v. *North Carolina* (317 U. S. 287) the answer would be very clear. It was the public policy of this State not to recognize the validity of any divorce such as the defendant here obtained in Hawaii. The decision in the *Williams* case has changed that. There is no claim here that the residence in Hawaii was a fictitious or sham residence for the purpose of obtaining a divorce, so as to bring the case within the rule laid down in *Bell* v. *Bell* (4 App. Div. 527, affd. 157 N. Y. 719, affd. 181 U. S. 175). The defendant lived in Hawaii for four years before he obtained a divorce and concededly was legitimately domiciled there at the time he instituted his action against the present plaintiff. While the *Williams* case involved a prosecution for bigamy, the court clearly stated that the rule laid down in *Haddock* v. *Haddock* (201 U. S. 562), which supported the prior public policy of this State, would no longer be followed and that the *Haddock* case was overruled. Under the circumstances, therefore, I have no choice but to dismiss the plaintiff's complaint in this action. She has already been legally divorced by her husband. The judgment of a court of competent jurisdiction of a Territory of the United States is entitled to the same full faith and credit as the judgment of another State. (*Embry* v. *Palmer*, 107 U. S. 3, 9; *Atchison, T. & S. F. R. Co.* v. *Sowers*, 213 U. S. 55; *Alaska Packers Assn.* v. *Industrial Comm.*, 294 U. S. 532, 546; U. S. Code, tit. 28, §§ 687, 688.)

It may be noted that plaintiff, even if she had been successful in this action, testified that she desired no alimony. The parties have stipulated that the husband is to pay the sum of forty-five dollars a month for the support and maintenance of his child.

The complaint is dismissed without costs, the custody of the child is awarded to the mother, and the defendant, pursuant to his stipulation, is directed to pay the sum of forty-five dollars monthly for the support and maintenance of his child. Settle findings of fact, conclusions of law and judgment.