ANNE M. BAKER, Plaintiff, v. EZRA R. BAKER, Defendant.

Supreme Court, Special Term, New York County, February 23, 1943.

*Julian S. Bush* and *Leon R. Jillson* for defendant.

*Newman, Hauser & Teitler* for plaintiff.

VALENTE, J. The case of *Bell* v. *Bell* (4 App. Div. 527, affd. 157 N. Y. 719, affd. 181 U. S. 175) appears to be controlling authority for the proposition that the judgment of a court of a foreign State in a divorce action may be collaterally attacked on the ground that the plaintiff in the action was not actually domiciled in that State, with the result that the foreign court did not possess jurisdiction. (See *Matter of Bingham,* 265 App. Div. 463; *Meyers* v. *Meyers,* 179 Misc. 680; *McCarthy* v. *McCarthy,* 179 Misc. 623.)

Although the majority opinion of the United States Supreme Court in the recent case of *Williams* v. *North Carolina,* 317 U. S. 287, decided December 21, 1942, contains language indicating that the said court, if the question were properly presented to it, might no longer follow the doctrine of *Bell* v. *Bell* (*supra*), the question was expressly left open. Under the circumstances, this court must follow *Bell* v. *Bell,* which, for the time being, is a binding precedent.

Sufficient has been set forth in the answering affidavit of the plaintiff, in opposition to the present motion for summary judgment dismissing the complaint, to warrant the denial of the motion so that plaintiff may be given an opportunity of establishing, at the trial, her charge that the defendant never actually established a domicile in Nevada.

The motion for summary judgment is denied.