HARRY WEISSBERGER, Plaintiff, *v.* KATE WEISSBERGER, Defendant.

Supreme Court, Special Term, New York County, February 26, 1943.

*Greenthal & Diemert* for defendant.

*B. Leo Schwartz* for plaintiff.

SCHMUCK, J. Before considering the motion to punish for contempt, plaintiff's cross-motion for leave to discontinue the action will be determined.

Plaintiff sued the defendant for divorce charging her with adultery. A trial of framed issues was had and she was acquitted of marital duplicity. Thereafter nothing was done by either party. No return was made to Special Term, Part III, and the entry of judgment was left in abeyance. Whether disappointment or ignorance of the law caused his inactivity, the fact remains that the plaintiff allowed the action to remain alive. The defendant, apparently considering her temporary alimony more valuable than judicial exculpation of marital reprehensibility, was satisfied to abide the event. Now that plaintiff moves to discontinue she objects and protests that, as he has disregarded the order of the court, this relief should not be given to him. In denying the application to discontinue, the court believes that the proper and fairer procedure is to complete the disposition of the matter by the entry of a judgment. Since a trial has been had of the main issue the right to discontinue is no longer open to plaintiff. Cross-motion to discontinue denied.

In considering the motion to punish for contempt for failure to pay alimony, the court must give consideration to the recent decision of the United States Supreme Court in *Williams* v. *North Carolina* (317 U. S. 287). If, in accordance with the rule of application of the principle of full faith and credit there enumerated, the Florida divorce obtained by the plaintiff must be accepted, then plaintiff cannot be held in contempt, for the defendant from the date of that decree would not be entitled to alimony, a subsistence paid only to a wife. Since the doctrine of *Bell* v. *Bell* (181 U. S. 175) has no application and no reason is apparent for justly refusing to give full credit to the Florida decree because of collusion or nonresidence of any of the parties in the State where the divorce was granted and no situation is presented as in *Matter of Bingham* (265 App. Div. 463), *McCarthy* v. *McCarthy* (179 Misc. 623) and *Schnabel* v. *Schnabel* (179 Misc. 620), the validity of plaintiff's Florida divorce must be recognized and in consequence the motion to punish for contempt be denied.