ELIZABETH R. FONDILLER, Plaintiff, *v.* RICHARD FONDILLER et al., Defendants.

Supreme Court, Special Term, New York County, March 9, 1943.

*April & Eisenrod* for defendants.

*Robert Cooper* for plaintiff.

STEUER, J. On November 4, 1917, plaintiff and defendant Fondiller, both being residents of New York, married here. They maintained their matrimonial domicile here for some twenty-two years. In 1939 they separated, and in 1941 said defendant went to Nevada and in August of that year instituted an action for divorce against plaintiff on the grounds of cruelty. Plaintiff was served with process in that action in New York, but did not appear. A decree of divorce was entered in Nevada in October. In April, 1942, said defendant married the codefendant in Florida and they have since come to live in New York.

By this action plaintiff seeks to restrain defendants from holding themselves out as being husband and wife, and a declaratory judgment that the decree of divorce is void. Defendant Fondiller moves to dismiss the complaint pursuant to subdivision 5 of rule 107 of the Rules of Civil Practice on the ground that there is an existing final judgment determining the cause of action. The final judgment relied upon is the Nevada decree. Plaintiff claims the decree is invalid because there was neither effectual service on her nor appearance by her in the action, and, secondly, because the plaintiff in that action did not prove a *bona fide* domicile in Nevada. The first ground is ineffectual. It is not claimed that service was defective under Nevada laws, so that were this the only ground of attack on the decree its effect could not be avoided. (*Williams* v. *North Carolina*, 317 U. S. 287.)

The second question presents this point — may the courts of one State entertain a collateral attack on a judgment of a sister State which attack involves contesting a factual finding necessary to the decision and embodied in the judgment? The court in the *Williams* case was careful to point out that this question was not decided. "Nor do we reach here the question as to the power of North Carolina to refuse full faith and credit to Nevada divorce decrees because, contrary to the findings

of the Nevada court, North Carolina finds that no *bona fide* domicil was acquired in Nevada.'' (*Williams* v. *North Carolina, supra,* 302.) Despite this express reservation, it would appear that the logic of the decision points to the answer.

Section 1 of article IV of the Constitution of the United States (the full faith and credit clause) provides that Congress shall prescribe the effect to be given in each State to the judgments of other States. The provision made by Congress (U. S. Code, tit. 28, § 687) in 1790 was interpreted in 1818 by Justice MARSHALL to mean that '' the judgment of a state court should have the same credit, validity, and effect in every other court in the United States, which it had in the state where it was pronounced, and that whatever pleas would be good to a suit thereon in such state, and none others, could be pleaded in any other court in the United States.'' (*Hampton* v. *McConnell,* 3 Wheat. 234.) The court there was passing on a defense to a suit on the judgment which is as close to an application to vacate the judgment as proceedings in a foreign court can ever come. It would appear that at least as great an immunity would be extended to an attack which is more remote.

The domicile of the defendant in Nevada was a necessary finding in the Nevada action, and the record shows that it was so found. The claimed defect in the judgment is that this finding is erroneous. It is quite clear that had the judgment been obtained in New York its effect could not be avoided in another action by a claim that the court was induced to make a finding contrary to the fact by perjured testimony. (*Arcuri* v. *Arcuri,* 265 N. Y. 358.) But the question here is not what credit we give to our judgments, but what Nevada gives to its own. We are not required to give to them more than they do, and we may not give less. This question of foreign law is one of fact. And concerning it there is no proof in the papers. Lacking this information the motion must be denied with leave to renew if so advised.

Another issue is presented that the defendant Fondiller is estopped from contesting the action, because he had been enjoined from procuring a decree, for the disobedience of which injunction he has been punished. This issue has not been considered because it is unnecessary in view of the determination reached. Order signed.