BEATRICE A. LAMBERT, Plaintiff, *v.* JOHN N. LAMBERT, Defendant.

Supreme Court, Monroe County, March 31, 1943.

*Remington, Gifford & Willey* for plaintiff.

*Harry Sessions* for defendant, appearing specially.

ARTHUR E. SUTHERLAND, Official Referee. Mr. Sessions appeared specially for the defendant John N. Lambert before the Official Referee, stating that there had been a prior divorce granted between these parties in Reno, Nevada, in January, 1942. Mr. and Mrs. Lambert were married April 20, 1920. There are no children born of that marriage. They lived together until the spring of 1941, when they separated. In October, 1941, Mr. Lambert resigned his position in Rochester and departed from the State of New York and has never resided here since then.

The summons and verified complaint were served in this present action on the defendant John N. Lambert, personally, in Washoe County, Nevada, December 19, 1941, by a Mr. Young, Deputy Sheriff of Washoe County, Nevada, who was **duly authorized to serve papers in the State of Nevada.** Mr. Young

made an affidavit of such personal service of the summons and complaint on the defendant John N. Lambert in the State of Nevada, which was duly filed in the office of the Clerk of Monroe County on the 31st day of December, 1941.

We are now confronted in the New York action brought by the wife, Mrs. Lambert, with a decree of absolute divorce granted in the Second Judicial District Court of the State of Nevada, January 27, 1942, in an action brought by the husband, John N. Lambert, as plaintiff, against his wife, Beatrice A. Lambert. It appears that a certified copy of the summons and complaint in the Nevada suit was personally served on the defendant in that action in the town of Irondequoit, county of Monroe, State of New York, on the 26th day of December, 1941, and proof of such personal service was filed in the office of the clerk of the court in Nevada where the action originated; and it appears that no appearance was made in the Nevada court by the wife, Beatrice; and, so far as it appears in the case now, the judge holding the court in the State of Nevada was not informed by anyone of the pendency in the State of New York of the wife's action brought here in our Supreme Court, in which action a copy of the summons and complaint had been duly served on the husband, John N. Lambert, personally, in the State of Nevada on the 19th day of December, 1941.

From the certified copy of the record in the Nevada action, it appears that the case came regularly on to be heard before the District Court in the State of Nevada, County of Washoe, on the 27th day of January, 1942, and it was shown to the Nevada court that service of a certified copy of the summons and complaint in that Nevada action was personally served in the town of Irondequoit, county of Monroe, State of New York, December 26, 1941, and the record shows that the Nevada court proceeded regularly to hear that case, and found upon the evidence presented that the plaintiff John N. Lambert was a *bona fide* resident of the county of Washoe, State of Nevada, and that the allegations in the complaint were sustained by the evidence, and that the plaintiff in the Nevada case was entitled to an absolute decree of divorce from the defendant on the ground of extreme cruelty, mental in character, as alleged in the complaint, and a decree was duly made and entered on said January 27, 1942, and the contract of marriage and bonds of matrimony then and theretofore existing between the plaintiff John N. Lambert and the defendant Beatrice A. Lambert be and were dissolved, and both parties were thereby adjudged to be restored to the status of unmarried persons.

It is also shown upon the proofs taken before me that the judge who presided in the Nevada case, the Hon. WILLIAM MAC KNIGHT, actually performed a marriage ceremony between the successful plaintiff in that action, John N. Lambert, to a woman who was there present, and with whom John N. Lambert has since been living as her husband in the State of Massachusetts. John N. Lambert has not been in the State of New York since he obtained that judgment for divorce, and is now living in Massachusetts with the woman to whom he was married January 27, 1942, in the State of Nevada.

The Official Referee on the trial of the present case, in which Beatrice A. Lambert is the plaintiff and John N. Lambert the defendant, has received evidence which would be adequate to justify a judgment for divorce against John N. Lambert for acts prior to his departure from the State of New York to go to Nevada, and the very disturbing question is now presented to the Official Referee as to his duty with that evidence before him, in the face, however, of the judgment of the Nevada court granted January 27, 1942.

Under section 1 of article IV of the Constitution of the United States, the courts of New York are required to give full faith and credit to the public acts, records and judicial proceedings of every other State, and the Congress may, by general laws, prescribe the manner in which the acts, records, and proceedings shall be proved and the effect thereof.

In the now famous case of *Williams* v. *North Carolina* (317 U. S. 287) section 1 of article IV of the Constitution was given effect by the Supreme Court of the United States and, although the Supreme Court discusses in its opinions the difference between temporary residence and actual domicile, nevertheless in the complaint in that Nevada case there was no allegation that the plaintiff was actually domiciled in the State of Nevada, nor was there any finding to that effect. The allegation of residence in the husband's complaint in the Nevada case is an allegation of residence for more than sixty days, which is the length of time required by the Nevada law for giving its courts jurisdiction in a divorce case, and I am unable to see how the Supreme Court of New York can now make a finding that the residence of Mr. Lambert in the State of Nevada was insufficient to give the Nevada court jurisdiction to grant a divorce.

(1) I am forced to the conclusion that the divorce decree in the State of Nevada in favor of the husband and against the wife must be respected and given full faith and credit by the Supreme Court of the State of New York, there being no evi-

dence that any fraud was perpetrated upon the court of Nevada in obtaining this decree.

If the wife had entered an appearance in the court of Nevada and had made suitable representation to that court of the fact that she had an action pending in the Supreme Court of New York against her husband, for adultery, it is quite possible that the court in Nevada would have withheld its judgment until the New York case had been tried and the result thereof certified and sent to the court in Nevada; but that was not done and the court out there seems to have proceeded regularly, and now the Official Referee feels compelled to give to that decree full faith and credit and to deny the application of the wife in the action now before the Official Referee.

Wherefore, judgment may be entered, dismissing the action brought by the wife here in the State of New York, on the ground that the judgment of the court with full jurisdiction in the State of Nevada, granted January 27, 1942, is entitled to full faith and credit here in this court. No costs are allowed, and the complaint may be dismissed for the reasons stated.

(2) This case cannot turn upon the question of which action was actually commenced first, but it is clear that the summons in the wife's case was served upon the defendant husband in the State of Nevada, personally, before he started his action there against his wife and obtained service upon her in the State of New York. Under section 235 of the Civil Practice Act of the State of New York, no order was required before service could be lawfully made upon the defendant husband without the State, and proof of such service was duly made and filed within sixty days after such service, and section 235 of the Civil Practice Act says that service without the State without an order is complete ten days after proof thereof is filed in an action for divorce.

It is found and determined, as matters of law, that the divorce obtained by John N. Lambert in the State of Nevada, January 27, 1942, is effective and constitutes a legal adjudication binding both the wife, Beatrice Alexander Lambert, and John N. Lambert, freeing both parties from any further obligations as husband and wife and restoring them each to the status of an unmarried person. Let judgment be entered accordingly.