ELIZABETH R. FONDILLER, Plaintiff, *v.* RICHARD FONDILLER et al.,
Defendants.

Supreme Court, Special Term, New York County, April 21, 1943.

*April & Eisenrod* for defendants.

*Robert Cooper* for plaintiff.

McLAUGHLIN, J. This is a motion by defendants to dismiss the complaint under rule 107 of the Rules of Civil Practice upon the ground that there is in existence a judgment of a court of competent jurisdiction dissolving the marriage between these

parties. On a prior application for the same relief defendants' motion was denied with leave to renew upon the presentation of proof of the law of Nevada, where the former decree was obtained, as to the finality and conclusiveness of their own judgments and their immunity from collateral attack (179 Misc. 800).

Plaintiff and defendant Richard Fondiller, then residing in New York, were married on November 4, 1917, and continued to live in New York until 1939, at which time they became separated. In June, 1940, in an action which was then pending in this court, an order was entered declaring that the plaintiff herein was the lawful wife of defendant and restraining him from instituting an action for divorce in any foreign jurisdiction. Disregarding this injunction, however, defendant in August, 1941, commenced an action of divorce against plaintiff in Nevada on the ground .of cruelty, plaintiff being served with process in New York. In October, 1941, upon plaintiff's failure to appear in the Nevada action, a decree of divorce was granted in defendant's favor. In April, 1942, he married the defendant Anna K. Daniels in Florida, and they now live in New York as husband and wife.

In the present action plaintiff seeks to dissolve the alleged marriage of the defendants and to restrain them from holding themselves out as husband and wife and asks that the Nevada decree be declared void and that she be declared the lawful wife of defendant. The question involved on the present motion is whether or not the recent decision of the United States Supreme Court in the case of *Williams* v. *North Carolina* (317 U. S. 287) has the effect of restraining individual States from taking proof in their own forums as to the *bona fides* of the domicile of the plaintiff in the foreign jurisdiction. In a recent decision (*Matter of Bingham,* 265 App. Div. 463) the Appellate Division, Second Department, held that the question as to domicile in a foreign jurisdiction was still reserved to the courts of our State. The court in that case stated (p. 466): " The policy enunciated in *Lefferts* v..*Lefferts* (263 N. Y. 131) requires the courts of this state to pass upon the *bona fides* of the residences of divorcees. That policy was not impaired by the decision in the *Williams* case, which expressly reserved the question whether the courts of one state might refuse to recognize the findings of the courts of another state as to domicile * * *. The Supreme Court of the United States, in the *Williams* case, did not eliminate domicile as a foundation for jurisdiction."

It would therefore appear that plaintiff has a right to raise the question as to whether or not defendant had a *bona fide* domicile in the State of Nevada at the time he instituted the action there. That being the case, the defendants' present motion to dismiss the complaint should be denied. The previous decision on a motion made by defendant to dismiss the complaint indicating that the court considered the Nevada law as controlling on the question of domicile, is persuasive, but in view of the holding of the Appellate Division in the *Bingham* case (*supra*) this court must follow the rule in the latter case and deny the motion.

In view of this ruling, it is not necessary to consider the other point raised by plaintiff, namely, that defendant should be estopped from asserting the Nevada decree. Nor is it necessary under the circumstances to discuss the effect of the defendant's failure to abide by an injunctive order which was entered restraining him from prosecuting an action in divorce in a foreign jurisdiction.

The motion is denied.