ESTHER SHAFER, Plaintiff, *v.* MAURICE SHAFER, Defendant.

Supreme Court, Special Term, Kings County, May 29, 1943.

*William J. Cohen* for plaintiff.

*William B. Gewanter* for defendant.

HOOLEY, J. Motion for alimony and counsel fees. Each of the parties was married before. In 1937, while so married, they went to Florida together and made arrangements for each to obtain a divorce from their respective husband and wife. Thereafter plaintiff and defendant were married in New Jersey. The defendant asserts that thereafter he went to Florida in 1941 and obtained a divorce from plaintiff. It appears that at that time he was a resident of the State of New York and the plaintiff was never served in that particular Florida action, so we may cease to consider that phase of the case except as hereinafter stated (*McCarthy* v. *McCarthy*, 179 Misc. 623).

The main contention here on the part of the defendant is that (a) his divorce from his first wife is invalid, and (b) the divorce of the plaintiff from her first husband was invalid because both divorces in which the parties herein collaborated were a fraud upon the Florida courts since neither of the parties was a resident of Florida.

The plaintiff contends that defendant is estopped from attacking his Florida divorce proceeding against his first wife (*Krause* v. *Krause,* 282 N. Y. 355) and that neither may he attack the

divorce obtained by plaintiff from her first husband in that State, it appearing that he helped to bring about such divorce and went with her, the plaintiff, to Florida to assist her in obtaining it. Plaintiff relies on *Heller* v. *Heller* (172 Misc. 875, affd. 259 App. Div. 852, affd. 285 N. Y. 572) and *Oldham* v. *Oldham* (174 Misc. 22). However, the case of *Fischer* v. *Fischer* (254 N. Y. 463) apparently militates against this latter view.

While this court agrees with the reasoning of the Special Term in the *Oldham* case, that court and this court must seriously consider the decision in the *Fischer* case, wherein a distinction is drawn between a party who seeks affirmative relief and a party who seeks no such relief in his favor but seeks to use the situation as a bar to relief against him. This matter is further complicated by the fact that when this defendant went to Florida in 1941 to obtain a divorce from plaintiff, it might be argued that he recognized the validity of the present marriage.

In any event there are sufficient questions in the case to entitle the plaintiff to their litigation and to have the whole matter determined upon a trial, where the evidence may be introduced and the question whether defendant is estopped may be properly determined under the facts and the law. Therefore, counsel fees in the amount of $175 are granted, payable one half within twenty days, balance on or before trial. When the first installment of counsel fee is paid the case is to be placed on the calendar by the plaintiff.

The question of alimony is remitted to the trial court for determination.