OLIVE M. SHUART, Plaintiff, *v.* PAUL C. SHUART, Defendant.

Supreme Court, Erie County, November 17, 1944.

*Vincent C. Manzella* for plaintiff.

*John F. McNulty* for defendant.

OTTAWAY, J. Plaintiff wife presents an application for counsel fees and alimony in an action for absolute divorce.

A similar motion has been previously made. When shortly after the commencement of this action plaintiff made such a motion for counsel fees and alimony, the defendant presented a countermotion for dismissal of the complaint, setting up in his papers that he had secured a divorce decree in the State of Nevada. Although plaintiff on this hearing indicated an intention to attack the Nevada decree on the ground that the husband was not a bona fide resident of Nevada when he asked that court to take jurisdiction, no effective presentation of that claim was made. Mr. Justice VAUGHAN thereupon denied the motion for counsel fees and temporary alimony and granted the motion to dismiss the complaint unless an amended complaint should be served.

Plaintiff then served an amended complaint which not only contains the usual allegations in such an action but also makes direct attack on the Nevada decree on the ground that it was secured by fraud and that the husband did not have a bona fide domicile in Nevada at any time. Plaintiff again moves for counsel fees and alimony. Defendant urges the Nevada decree as a complete bar to the present motion.

The power to grant a wife counsel fees and alimony is purely statutory and exists only in actions for divorce, separation or annulment, or to declare the nullity of a void marriage. (Civ. Prac. Act, § 1169.) The rule is well established that it does not exist in other types of litigation even though they relate directly to the marital status. (*Johnson* v. *Johnson*, 206 N. Y. 561; *Lea* v. *Lea*, 182 Misc. 396.) The purpose of the law (Civ. Prac. Act, § 1169) is to make it possible for the indigent wife to have access to the court through one of the matrimonial actions specified. She must present a reasonable probability that she will succeed in establishing the allegations of her complaint. .(*Rolnick* v. *Rolnick*, 223 App. Div. 772.) But the merit of the case is not to be prejudiced and determined on the affidavits presented on the motion. (*Stillman* v. *Stillman*, 199 App. Div. 735.) Ordinarily, a showing of reasonable probability of success entitles her to seek the relief which is within the court's discretion.

Since the change in the law effected by the decision of the case of *Williams* v. *North Carolina* (317 U. S. 287) we are to give full faith and credit to the divorce decree of a sister State, even though secured without personal appearance of the defendant and on such substituted service as meets the requirements of that State. (*Butler* v. *Butler,* 179 Misc. 651; *Semaria* v. *Semaria,* 179 Misc. 653; *Weissberger* v. *Weissberger,* 179 Misc.

657; *Lambert* v. *Lambert,* 180 Misc. 570; *Guinness* v. *Guinness,* 180 Misc. 234; *Matter of Holmes,* 291 N. Y. 261, 273.)

There is reserved to our courts, however, the jurisdiction to here test the question of whether such decree was secured by fraud and whether the plaintiff had a bona fide domicile in the sister State such as to give that court actual jurisdiction. (*Matter of Lindgren,* 293 N. Y. 18; *Matter of Holmes,* 291 N. Y. 261, *supra; Milliken* v. *Meyer,* 311 U. S. 457; *Watters* v. *Watters,* 259 App. Div. 611; *Bell* v. *Bell,* 181 U. S. 175; *Forster* v. *Forster,* 182 Misc. 382; *Jiranek* v. *Jiranek,* 179 Misc. 502; *Oberlander* v. *Oberlander,* 179 Misc. 459; *Reese* v. *Reese,* 179 Misc. 665; *McKee* v. *McKee,* 179 Misc. 617; *McCarthy* v. *McCarthy,* 179 Misc. 623; *Schnabel* v. *Schnabel,* 179 Misc. 620; *Fondiller* v. *Fondiller,* 179 Misc. 1086; *Buvinger* v. *Buvinger,* 180 Misc. 345; and many others.)

The *Williams* case (*supra*) did not speak on the subject of what constitutes a bona fide domicile (*Meyers* v. *Meyers,* 179 Misc. 680) and until this definition has been made by legislation or otherwise, we are to apply such common sense and homely rules as take account of true actualities rather than glib expressions of intention.

There must be an " actual " domicile (*Baker* v. *Baker,* 179 Misc. 1023). The intention must be " genuine " (*Reese* v. *Reese,* 179 Misc. 665, *supra; Meyers* v. *Meyers,* 179 Misc. 680, 681, *supra*). The acts must confirm the intention (*McConnell* v. *Kelley,* 138 Mass. 372). " Against conduct, talk has little weight " (*Matter of Fischer,* 151 Misc. 74, 80, affd. 243 App. Div. 685). " Brief sojourn " not enough (*Forster* v. *Forster,* 182 Misc. 382, 387, *supra*). The domicile must be " bona fide " not " sham ". It must not be a " mere pretense " or " purely fictitious ". It is not enough to have a " simulated domicile " or a " temporary abode " (*Ammermuller* v. *Ammermuller,* 181 Misc. 98, 101, 102). A change of residence through caprice, whim, or fancy, for business, health or pleasure, to secure change of climate or a change of laws is not enough unless there is a fixed intention to acquire a new domicile (*Matter of Newcomb,* 192 N. Y. 238). Where an alleged residence was " sham and fraud " and husband was there " for the sole purpose of taking advantage of its (Florida) divorce laws ", the domicile is not bona fide (*Matter of Lindgren,* 293 N. Y. 18, affg. 267 App. Div. 775). (See, also, *Fischer* v. *Fischer,* 254 N. Y. 463; *Lefferts* v. *Lefferts,* 263 N. Y. 131.)

It is interesting to note that the courts of Nevada have themselves given expression to the same rule. The cases of *Latterner*

v. *Latterner* (51 Nev. 285) and *Lamb* v. *Lamb* (57 Nev. 421) are authority for the proposition that if the domicile was acquired by the plaintiff for the sole purpose of instituting action, the district court of Nevada is without jurisdiction. Further, that in acquiring a domicile the party must do so with the intent that it shall be permanent in character or for an indefinite time, and it must not and cannot be acquired solely for the purpose of instituting the suit for divorce.

All of this affords plaintiff an opportunity to try out in this litigation the questions of whether the Nevada court had actual jurisdiction of the husband by reason of a bona fide domicile, and whether the decree of that court was secured by fraud. Plaintiff urges that to proceed with the orderly trial and disposition of these questions she must have the allowance which she seeks.

In all the flood of reported decisions since the *Williams* case (*supra*), there appears only little expression of opinion as to the rules relating to the allowance of counsel fees and alimony.

In *Gibson* v. *Gibson* (179 Misc. 661) a wife's separation action had proceeded to judgment. Defendant husband secured a Florida divorce upon service by publication and nonappearance. He then brought suit in New York to secure judgment that the Florida decree be entitled to full faith and credit here. The wife moved to modify the separation judgment to provide for allowance of counsel fees to defend it from this attack. The motion was granted.

In matrimonial actions involving the validity of foreign divorces, counsel fees and alimony will be granted when there are sufficient questions in the case to entitle plaintiff to their litigation and to have the whole matter determined on a trial. (*Shafer* v. *Shafer*, 180 Misc. 606.)

In spite of a divorce decree in a sister State, a wife may here be given counsel fees when it is necessary to conduct a suit for divorce or to protect from attack a divorce judgment already secured. (*Dowsey* v. *Dowsey*, 181 Misc. 253.)

Our attention is called to *Taffel* v. *Taffel* (181 Misc. 259) where counsel fee was not allowed. A study of that case discloses many considerations tending toward the result and it is to be doubted whether this is a clear and satisfactory decision that in an action where the pleadings place the foreign decree under direct attack there is no jurisdiction to entertain this application.

It was similarly distinguished in *Lea* v. *Lea* (182 Misc. 396, *supra*). There counsel fees were denied because the action was

brought to secure a declaratory judgment and was not in one of the forms specified in section 1169 of the Civil Practice Act, which defines the limits of jurisdiction of applications for alimony and counsel fees.

Some reference has been made to the case of *Gould* v. *Gould* (201 App. Div. 127) as indicating that when on motion for counsel fees and alimony defendant sets up the divorce decree of a foreign court, the motion is not to be granted. The *Gould* case, however, differs from the one before us for in that case both parties appeared in the French court and the only attack made in the wife's reply was a bald, unsupported assertion that the courts of France were without jurisdiction. No charge of fraud was made nor was there any claim that either party was then not a bona fide resident of France.

The granting of alimony is not limited to those cases where no defense is presented. It is within the jurisdiction of the court to grant in all divorce cases in which the plaintiff wife shows a reasonable probability of success.

The theory of those statutes (Civ. Prac. Act, § 1169 *et seq.*) giving judicial discretion to grant awards of alimony was and is that the State should provide the means with which a wife may defend her honor, status, and home, because in many instances wives do not devote themselves to the accumulation of resources. Without this aid she is effectively barred from recourse to the necessary legal steps for her protection.

It has not been forgotten that society has an interest in that marital status, and hence in seeing that legal problems involving it shall not be stifled but shall be presented and tried on their merits.

To say that a wife is not to be granted alimony until such litigation is conducted and completed as will show the foreign decree void, is in many cases to deny her any relief, for she often has no means with which to conduct that litigation. The better rule, certainly the more humane procedure, is to grant her relief, provided: (1) the foreign divorce is under direct attack; (2) the present litigation is one specified in section 1169 of the Civil Practice Act; and (3) there is reasonable probability of success.

Motion granted. Counsel fees fixed at $175, to be paid, if preferred, $100 within ten days and $75 within one month. Alimony at $25 a week. Case to be tried within six weeks.