Nicholas M. Pette, J.
This is an action for an absolute divorce.
The action has been submitted to the court for determination upon a stipulated statement of facts dated and filed with this court on November 30,1964.
The action involves the constitutional aspects of our present New York State policy concerning default divorce jurisdiction by one of our sister States.
The following are substantially the facts stipulated in said statement of facts:
The parties were married at Coeur d’Alene, Idaho, on March 2, 1951, and lived together as husband and wife in New York State until 1957, and there are three children the issue of the marriage in the custody of the defendant. Custody of said children is not in issue in this action.
Plaintiff was and still is a resident of New York State.
In September, 1957, defendant left plaintiff’s home taking said three children with her and on November 21, 1958 she obtained a decree of divorce in the Second Civil Court of the District of Bravos, State of Chihuahua, Bepublic of Mexico, against plaintiff, John Greene Cannon.
That said divorce was secured upon the alleged default by plaintiff. Defendant secured the decree after signing a registry in the State of Chihuahua, and plaintiff was served in said action by publication in a newspaper in Chihuahua, Mexico. Plaintiff never personally received any papers in said Mexican action, except subsequent to the entry of the decree, through the efforts of his attorneys, who obtained a copy of the decree for him.
That on December 9,1958, at San Jacinto, California, defendant married one Thomas Clyde Phillips and since said marriage they have lived together as husband and wife.
That on June 7, 1962, in the Superior Court of the State of California, County of San Diego, defendant obtained a declaratory judgment wherein the court adjudged and decreed that the Mexican decree of divorce is valid and subsisting in all respects and that the marriage of defendant to said Thomas C. Phillips is a valid marriage and in full force and effect.
*988 Plaintiff contends that by reason of said marriage to and cohabitation with said Thomas C. Phillips, defendant, Patricia M. Cannon has committed adultery from December 9, 1958. Defendant, however, maintains that said marriage to Phillips is a valid marriage by reason of said degree of the Superior Court of California, County of San Diego.
That at the time of instituting the said action for a declaratory judgment, the defendant was and still is a resident of California, and that plaintiff John Greene Cannon received timely, a copy of the summons and complaint pursuant to an order of said California court, made in accordance with section 412 of the Code of Civil Procedure of California, by mail in New York, in which State plaintiff then resided. Plaintiff never resided in California.
It is defendant’s contention, as set forth in said statement of facts, that it is improper for the plaintiff to go behind the decree of the Superior Court of California with respect to the default decree and the jurisdictional facts relating to the Mexican decree, on the ground that full faith and credit must be given to the California decree which adjudicated that the Mexican decree is valid and that the marriage of defendant with Phillips is a valid marriage.
Defendant further claims that by reason of said California decree plaintiff is precluded from attacking or questioning the validity of the Mexican decree.
It appears that on or about May 23, 1963, plaintiff moved to strike defendant’s first affirmative defense to the plaintiff’s complaint on the ground that it was insufficient in law. Mr. Justice Hugh S. Coyle, presiding at Special Term, Part I, denied that motion.
In this court’s opinion, the California court could voluntarily recognize the Mexican decree of divorce upon principles of comity although not compelled to do so by the full faith and credit clause of the Constitution. (Haddock v. Haddock, 201 U. S. 562, 566, 570, 581; Heller v. Heller, 285 N. Y. 572.)
The Mexican decree, based on constructive service, is prima facie entitled to recognition until the party attacking it sustains the burden of demonstrating that the jurisdictional facts upon which it rests were false and nonexistent.
In Drew v. Hobby (123 F. Supp. 245, 247) the court said: “ it was long ago decided in New York that lack of domicile is not necessarily a bar to the recognition of a foreign divorce ”.
In Gould v. Gould (235 N. Y. 14, 29), the court discussing divorce judgments of the courts of France, stated: ‘ ‘ Even though it be assumed that we are not required because of the *989 absence of domicile to give effect to their judgments, we are not prohibited from doing so where recognition, in conformity to the principle of comity, would not offend our public policy.” And the opinion by Conway, J., dissenting, in Matter of Rathscheck (300 N. Y. 346, 355) shows clearly that he did not intend his remarks about domicile in Caldwell v. Caldwell (298 N. Y. 146, 149) to be taken as a departure from the doctrine of Gould v. Gould (supra).
The California court found that the marriage between the defendant, Patricia M. Cannon and Thomas C. Phillips was valid, and also that the Mexican divorce obtained by defendant, Patricia M. Cannon against plaintiff, John Greene Cannon was also valid; it determined that Patricia M. Cannon was a domiciliary of California when the California action Was begun and decided. Plaintiff had constructive service as required by the laws of California (Cal. Code Civ. Pro., § 412) and he may not collaterally attack that court’s jurisdiction. (Dalton v. Dalton, 270 App. Div. 269; Williams v. North Carolina, 325 U. S. 226, 238 [2d Appeal]; Matter of Franklin v. Franklin, 295 N. Y. 431, 434.)
Where, as here, the Mexican decree under attack was based upon a domicile by plaintiff in that action (the defendant here) in Mexico prior to the institution of the action, a fact which the attacking party has failed to negate, the New York courts have not hesitated to recognize it (Butler v. Butler, 179 Misc. 651; “ Standish ” v. “ Standish ”, 179 Misc. 564; Matter of Franklin v. Franklin, ante; Estin v. Estin, 63 N. Y. S. 2d 476, affd. 271 App. Div. 829, affd. 296 N. Y. 308, affd. 334 U. S. 541) as did the California court.
Furthermore, in this court’s opinion, plaintiff cannot go behind the California decree which determined the validity of said Mexican divorce and further established that the parties to the instant action are not husband and wife, but held that Patricia M. Cannon is lawfully married to Thomas C. Phillips and that they are husband and wife. (Cf. Sherrer v. Sherrer, 334 U. S. 343; Coe v. Coe, 334 U. S. 378.)
The doctrine of res judicata forecloses relitigation if there was opportunity to litigate the first time, whether or not such opportunity was availed of, or carried as far as possible. (Cromwell v. County of Sac, 94 U. S. 351; Chicot County Dist. v. Bank, 308 U. S. 371.) The plaintiff in the case at bar had every opportunity to appear in the Mexican court to open his default and litigate the issues, and he also had the opportunity to appear and litigate the issues presented in the California court.
*990 A judgment of a court of general jurisdiction presumes jurisdiction over the subject matter and over the parties (Titus v. Wallick, 306 U. S. 282, 287; cf. Adam v. Saenger, 303 U. S. 59, 62), and the “ burden of undermining a decree of a .sister state ‘ rests heavily upon the assailant.’ ” (Cook v. Cook, 342 U. S. 126, 128.) Plaintiff has failed to meet that burden, so the decree must be given full faith and credit. (De Luca v. De Luca, 284 App. Div. 987; cf. Aspromonte v. Aspromonte, 4 A D 2d 689, decision amd. 7 A D 2d 636.)
Plaintiff in the instant case has failed to present any facts from which this court may properly refuse to grant full faith and credit to the decree of the sister State of California.
Accordingly, upon all the evidence adduced before it, and in the light of the foregoing authorities, this court finds and determines that the judgment dated June 7, 1962 rendered by the Superior Court of the State of California, County of San Diego, is entitled to full faith and credit. Consequently this court determines that plaintiff and defendant are legally divorced, and that the defendant Patricia M. Cannon and Thomas C. Phillips are legally married and are husb'and and wife.
The court concludes that plaintiff’s complaint must be dismissed on the merits, without costs.
Complaint dismissed on the merits, without costs.