Arthur G. Klein, J.
Plaintiff heroin seeks an order directing the defendant to pay temporary alimony and counsel fees. Defendant has objected on the ground that such relief is not authorized herein for this action is one for a declaratory judgment only. Examination of the complaint indicates that plaintiff seeks a judgment declaring that she is the lawful wife of defendant, that the purported Mexican divorce obtained by the defendant is invalid and that the. defendant’s subsequent marriage to another is void. Under the recent amendments to section 236 of the Domestic Eolations Law temporary and permanent alimony, as well as the award of counsel fees, may be made “ In any action or proceeding brought (1) during the lifetime of both parties to the marriage * * * or declare the nullity of a void marriage”. (Emphasis added.) As stated in the Practice Commentary by Professor Siegel (McKinney’s Cons. Laws of N. Y., Book 14, § 236, p. 136): “ The inclusion, even down to numbering them, of the specific list of matrimonial actions, is apparently an expedient to preclude a finding that other actions — which might otherwise be categorized as matrimonial in nature, at least for purposes of section 236 — are within the section. Thus the kind of situation presented in Rosenbaum v. Rosenbaum, 309 N. Y. 371, 130 N. E. 2d 902 (1955), wherein a spouse brings a New York action to enjoin the other spouse from prosecuting a matrimonial action elsewhere, would not be within section 236,* nor would an action to declare the nullity of a foreign dissolution already concluded.”
Obviously the statutory allowance of alimony and counsel fees in an action to declare the nullity of a void marriage refers to an action to declare the nullity of the marriage between the parties, and not an action to declare the nullity of a marriage entered into by the defendant after a purported dissolution of his marriage with the plaintiff.
*791 Since this is an action to declare the nullity of a foreign dissolution of the marriage obtained by this defendant in Mexico, and his subsequent remarriage bottomed upon that dissolution, alimony and counsel foes cannot be allowed and the motion is accordingly denied.