Lawrence H. Cooke, J.
In this action to declare the judgment of divorce rendered in favor of the husband and against the wife in the State of Florida null and void and that defendant’s subsequent marriage to a third party in Pennsylvania is void, plaintiff wife moves for temporary alimony for herself and for the son of the parties, together with counsel fees for the prosecution of this action.
In any action or proceeding brought (1) during the lifetime of both parties to the marriage to annul a marriage or declare the nullity of a void marriage, or (2) for a separation, or (3) for a divorce, the court may direct the husband to provide suitably for the support of the wife as, in the court’s discretion, justice requires, having regard to the circumstances of the case and of the respective parties (Domestic Relations Law, § 236). The inclusion, even down to the lettering of them in section 236 of the Domestic Relations Law, of the specific list of matrimonial actions, is apparently an expedient to preclude a finding that other actions, which might otherwise be categorized as matrimonial in nature, at least for the purposes of said section, are within the section (Practice Commentary by Professor Siegel, McKinney’s Cons. Laws of N. Y., Book 14, Domestic Relations Law, § 236, p. 136). The power to grant a wife temporary alimony and counsel fees is purely statutory (Querze v. Querze, 290 N. Y. 13, 18; Shuart v. Shuart; 183 Misc. 270, 271; 19 Carmody-Wait 2d, New York Practice, § 118 :7), an action to declare the nullity of a foreign dissolution already concluded not being within section 236 (Wayne v. Wayne, 31 Misc 2d 29, 31; “ Kaplan ” v. “ Kaplan ”, 197 Misc. 687, 690; Practice Commentary by Professor Siegel, supra). It has been held also that the statutory allowance of alimony in an action to declare the nullity of a void marriage refers to an action to declare the nullity of the marriage between the parties, and not to an action to declare the nullity of a marriage entered into by the defendant after a purported dissolution of his marriage with the plaintiff (Alfonso v. Alfonso, 49 Misc 2d 790). This is borne out by the statement in volume 16 of New York Jurisprudence at page 438 that: “ The Supreme Court in its discretion may grant or deny alimony in an annulment action * * * whether the judgment is one which annuls a voidable marriage or declares the nullity of a void marriage. ”
*565 Subdivision (a) of section 237 of the Domestic Relations Law provides: “In any action or proceeding brought * * * (4) to declare the validity or nullity of a judgment of divorce rendered against the wife who was the defendant in any action outside the State of New York and did not appear therein where the wife asserts the nullity of such foreign judgment * * * the court may direct the husband * * * to pay such sum or sums of money to enable the wife to carry on or defend the action or proceeding as, in the court’s discretion, justice requires, having regard to the circumstances of the case and of the respective parties. ” (See Cavalire v. Palermo, 21 A D 2d 672, mot. for lv. to app. dsmd. 14 N Y 2d 937; Ernst v. Ernst, 40 Misc 2d 934, 940; 19 Carmody-Wait 2d, New York Practice, § 118:51.)
In view of the circumstances appearing, plaintiff is granted counsel fees in the sum of $500, one half thereof to be paid within 30 days after service of a copy of the order to be entered hereon with notice of entry and the remaining half when the action is reached for trial. Except as so granted, the motion is denied.