Livingston K. Miller et al., Executors, etc., Respondents, v. Julia Gardiner Tyler et al., Appellants.

Where, upon due notice of motion, an order is granted by default, an application to open the default and for a rehearing is addressed to the discretion of the Supreme Court, and its determination cannot be reviewed here.

Upon a mortgage given prior to the passage of the legal tender act a judgment of foreclosure was, in the usual form, perfected in 1867. In June, 1870, upon motion of the plaintiff and notice to the defendants who appeared (among them the appellants), an order was granted by default amending the judgment by making the principal and interest payable in coin. In September the amount of the judgment was paid in accordance with its terms as amended. In September, 1871, the appellants moved to vacate said order and that plaintiff pay back the premium upon the gold paid, which motion ·was denied. *Held*, that the judgment, as modified, was regular, and if erroneous could only be corrected on appeal, from which the appellants were precluded by allowing the amendment by default; that the application was to the favor of the court and addressed to its discretion; and that the order was not appealable.

Whether the Supreme Court had power to grant the motion, *quære.*

*It seems,* that, conceding the power, it must be an extreme case which would justify a court in so varying the contracts and relations of parties.

The reconsideration by the Supreme Court of the United States of its first judgment as to the effect of the legal tender act upon prior contracts, did not affect existing judgments of State courts or call for a modification and change of their records.

(Argued September 29, 1874; decided October 6, 1874.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, affirming an order of Special Term denying a motion to vacate an order amending the judgment herein.

This was an action to foreclose a mortgage given prior to the passage of the legal tender act.

In June, 1867, the plaintiffs recovered judgment therein in the usual form, for the foreclosure of the mortgage and a sale of the mortgaged premises. In June, 1870, upon the application of the plaintiffs and notice to the defendants who had appeared in the action, the judgment was, by order of the court, granted without opposition or appearance on the part of the defendants, amended by making the mortgage debt and interest payable in coin. In September, 1870, the mortgage debt and interest and the costs of the action were paid, the debt and interest in coin, by Mr. Gardner, the owner of the mortgaged premises and one of the present appellants, and the judgment satisfied. In September, 1871, the present appellants moved to vacate the order of June, 1870, and that the plaintiffs pay to Mr. Gardner the sum of $551.49 as and for the premium upon the gold paid in satisfaction of the judgment pursuant to that order and the judgment as amended, with interest thereon.

*A. R. Dyett* for the appellants. Under the decision of the United States Supreme Court, as it stood when the motion to amend judgment was made, opposition thereto would have

been useless. (*Hopburn* v. *Griswold*, 8 Wall., 603 ; *Broderick* v. *Magraw*, id., 639.) After the payment these decisions were overruled. (*Knox* v. *Lee*, 12 Wall., 457.) The court never loses power to correct or modify its judgments on motion without appeal. (7 Paige, 382 ; 7 Abb., 9 ; 5 id., 327 ; 4 J. R., 191 ; 2 Kern., 315 ; 31 Barb., 572 ; 19 How., 140.) The payment of the judgment was compulsory, not voluntary. (19 Wend., 355 ; 24 id., 32 ; 29 Barb., 87.) The court had a right to award restitution. (10 Wend., 355 ; 24 id., 32 ; 29 Barb., 87 ; 3 J. R., 250.) The relief asked for was a matter of right, not of discretion. (Code, §§ 174, 349, sub. 3, p. 45 ; 2 Hilt., 467 ; 26 Wend., 143 ; 8 Barb., 81.)

*Livingston K. Miller* for the respondents. The motion was made too late. (*Amory* v. *Amory*, 3 Abb. [N. S.], 16.) Money paid under a mistake of law cannot be recovered back. (*Jacobs* v. *Morange*, 47 N. Y., 57 ; *Shotwell* v. *Murray*, 1 J. Ch., 512 ; *Lyon* v. *Redmond*, 2 id., 51 ; *Storrs* v. *Barker*, 6 id., 166 ; *Champlain* v. *Layton*, 6 Paige, 189 ; 18 Wend., 406 ; *Crosier* v. *Acer*, 7 Paige, 137 ; *Mowatt* v. *Wright*, 1 Wend., 555 ; *Arthur* v. *Arthur*, 10 Barb., 9 ; *Gilbert* v. *Gilbert*, 9 id., 532 ; *Tilton* v. *Nelson*, 27 id., 595 ; *Kent* v. *Manchester*, 29 id., 595 ; *Ball* v. *Earle*, 65 id., 298.)

ALLEN, J.   The effect of the motion, if granted, would have been merely so to change a transaction consummated between the parties as to convert what was supposed and intended to be the voluntary payment of a debt, in one of the two recognized and legal currencies of the country, into a sale of gold by the debtor to the creditor, and make the latter a purchaser of coin at a premium without his consent and against his will. Whether any court can so vary the contracts and relations of individuals need not be considered. It must be an extreme case to justify it, even if the jurisdiction and power be conceded.

The present appellants appeared in the action and had notice of the application to modify the judgment, and suffered

the same to be granted by default. The application to open that default and for a rehearing of the motion, if the court had jurisdiction to entertain it after a voluntary payment and satisfaction of the judgment, was addressed to the discretion of the Supreme Court and the determination of that court is not reviewable here.

Whether the default was properly excused or for any reason the defendants should have an opportunity further to litigate the question involved, were questions for the decision of the court of original jurisdiction and the determination of that tribunal is final. By the consent, or, which is the equivalent of a consent, by the default of the appellants and their voluntary act in omitting to oppose the motion, the judgment was modified so as to entitle the plaintiffs to coin at their option, instead of legal tender notes, in payment of the mortgage debt. This was in conformity to the legal rights of the parties, as then well understood, and as they had been adjudicated by the highest court of the nation. The reconsideration of the question by the Supreme Court of the United States, with a result adverse to its first judgment, did not affect the existing judgments of State courts, or call for a modification and change of their records to meet the changed views and judgment of that court. A contrary doctrine would lead to the absurd necessity of correcting and modifying all judgments, whether existing and in force or satisfied and fully executed, upon the enunciation by a court of superior authority of a doctrine in conflict with and legally subversive of the principles upon which they were rendered. If judgments are erroneous they can only be reviewed and reversed or modified by error or appeal in the mode prescribed by law.

The judgment as modified in this action was regular, and if erroneous the error could only be corrected by an appeal, and from that the party was precluded by the rule prohibiting appeals from judgments and orders passing by default. The application of the defendants was to the grace and favor of the court, and, taking the most favorable view of the cas

for the appellants, it was addressed to the discretion of the court, and by the result the appellants must abide.

The appeal must be dismissed.

All concur.

Appeal dismissed.