ELIZABETH A. BUVINGER, Plaintiff, *v.* RALPH R. BUVINGER, Defendant.

Supreme Court, Special Term, New York County, June 7, 1943.

*John Francis Spellman* for plaintiff.

*Arthur L. Obre* for defendant.

BENVENGA, J. The question presented in this action for divorce is whether, under the circumstances here involved, the courts of this State are required under the full faith and credit clause of the Federal Constitution (art. IV, § 1) to recognize as valid the Florida decree of divorce granted to the defendant herein.

On the appeal from the judgment rendered on the first trial of this action (see 265 App. Div. 123), the parties agreed, presumably on the authority of *Haddock* v. *Haddock* (201 U. S. 562), that the determination of this question "depends on whether the matrimonial domicile of the parties followed the husband to Florida, so as to permit the Florida courts to acquire jurisdiction of the matrimonial *res* " (p. 124); and that this, in turn, rests "on the determination of the issue of fact as to whether plaintiff abandoned defendant, or whether defendant abandoned plaintiff in Atlantic City in 1921 " (p. 125). On the issue of abandonment the trial court found for the plaintiff. The Appellate Division reversed on the ground that the weight of the credible evidence was clearly in defendant's favor (p. 125), and that it indicated that the plaintiff abandoned her husband in February, 1921 (p. 127).

After the reversal by the Appellate Division and before the second trial of the action, the United States Supreme Court in *Williams* v. *North Carolina* (317 U. S. 287) expressly overruled the *Haddock* decision and held that, under the full faith and credit clause, a decree of divorce, granted by a State to a person

*bona fide* domiciled therein, is binding upon the courts of other States, including the State of the matrimonial domicile, even though the defendant was not personally served with process, and did not personally appear in the action (p. 299).

But, as the Appellate Division, Second Department, pointed out in *Matter of Bingham* (265 App. Div. 463, 465, 466), the majority opinion in the *Williams* case "expressly preserved the doctrine of *Bell* v. *Bell* (181 U S. 175), which Mr. Justice Douglas stated was ' a case in which this Court held that a decree of divorce was not entitled to full faith and credit when it had been granted on constructive service by the courts of a state in which neither spouse was domiciled.' * * * All that the majority purported to do in the *Williams* case was to overrule *Haddock* v. *Haddock* (201 U. S. 562), and to remove from the question of full faith and credit consideration of the subsidiary question whether the person who had removed from the matrimonial domicile had wrongfully done so. The Supreme Court of the United States, in the *Williams* case, did not eliminate domicile as a foundation for jurisdiction."

In other words, the issue of abandonment is no longer of any importance upon the issue of domicile in deciding whether or not a valid judgment of divorce was obtained in the foreign jurisdiction. (*McCarthy* v. *McCarthy,* 179 Misc. 623, 625. See, also, *Reese* v. *Reese,* 179 Misc. 665; *Schnabel* v. *Schnabel,* 179 Misc. 620; *McKee* v. *McKee,* 179 Misc. 617; *Gibson* v. *Gibson,* 179 Misc. 661; " *Standish* " v. " *Standish,*" 179 Misc. 564.)

Here, the parties, after marriage, made their matrimonial domicile in New Jersey. In February, 1921, while living together at Atlantic City, they separated and have since been living apart. In November, 1936, defendant who had continued to reside in New Jersey, and who had been paying his wife " suit money " and alimony, went to Florida; consulted an attorney within two weeks after his arrival; and, after the expiration of the ninety days' residential period required by the Florida statute, brought action for divorce, alleging desertion on the part of his wife. Service upon the wife, who was then domiciled in the city of New York and had been so domiciled since about 1924, was made by publication. She did not appear in the action. In May, 1937, a decree of divorce was entered by default; and, within less than two weeks thereafter, defendant left Florida.

Of course, defendant testified that he went to Florida with the intention of establishing a domicile there. True, also, he obtained a position there. But his position was of a temporary

nature, and so was his sojourn. He remained in Florida just long enough to obtain a divorce. Moreover, his claim that he went to Florida on the advice of his physician, who recommended a warmer climate, is an obvious afterthought. He gave no such testimony on the first trial, and no physician was called to substantiate that claim. Nor did defendant ever return to Florida, or go to any other southern State. On the contrary, he contracted a marriage in July, 1938, with a woman he had known since 1921 and whose husband had died in 1935, and has made his residence practically in New Jersey since his return from Florida.

Again, the defendant, in February, 1922, about a year after the separation, instituted an action for divorce in New Jersey, the matrimonial domicile, alleging adultery on the part of his wife. This action was contested by her, and ultimately abandoned. If the defendant had legal grounds for divorce, on the ground of desertion, and if he could prove willful, continued and obstinate desertion for a period of two years (see N. J. Rev. Stat., tit. 2, ch. 50, § 2; L. 1938, ch. 187), there is no reason why he should not have brought his action in New Jersey, except that, as his wife had contested his earlier suit for divorce, there was little or no likelihood of a default decree. His chances of success, as he undoubtedly believed and as it actually turned out, were better in Florida. His wife was then penniless; he had practically ceased paying her alimony, and she was then an object of public charity. She did not have the means to travel to Florida or to defend the action.

It is difficult, therefore, to believe defendant's testimony that he went to Florida for the purpose of establishing a permanent home. " Against conduct, talk has little weight." (*Reese* v. *Reese, supra,* p. 671, *Matter of Fischer,* 151 Misc. 74, affd. 243 App. Div. 685.) Under the circumstances, a finding seems warranted, based on defendant's own testimony, that defendant's residence in Florida was not *bona fide,* but sham or fictitious, and that he went to Florida for the purpose of obtaining a divorce and in order to get rid of his wife.

Judgment for plaintiff. Settle judgment providing for seventeen dollars per week alimony and costs.