HELEN A. HEUSNER, Plaintiff, *v.* CHARLES A. HEUSNER, JR., Defendant.

Supreme Court, Special Term, Queens County, June 9, 1943.

*James E. Doherty, Jr.,* for plaintiff.

*Jacob D. Goldzweig* for defendant.

COLDEN, J. In an action for a separation brought by a wife against her husband upon the grounds of cruel and inhuman treatment, abandonment and nonsupport, the defendant has interposed a counterclaim wherein he seeks an annulment upon the ground that the plaintiff at the time of her marriage to him had another husband living, and from whom she has not been legally divorced.

Under the proof offered at the trial the plaintiff would be entitled to a judgment of separation were it not for the question of her marital status, for " in every action for separation the primary fact to be proved is an existing marriage between

the parties." (*Fischer* v. *Fischer*, 254 N. Y. 463, 466.) The evidence shows affirmatively that the parties knew prior to their marriage that the plaintiff's prior marriage had not been duly dissolved. The defendant suggested that she obtain a divorce and that he would pay for it. They decided upon the State of Pennsylvania as the jurisdiction in which the divorce should be obtained and they both went down there on or about September 5, 1939, returning the next day. On September 9, 1939, the plaintiff filed a petition or libel in divorce in Wyoming County in the State of Pennsylvania, wherein she alleged that she had been a bona fide resident of the Commonwealth for at least one year immediately preceding the filing of the petition. Section 16 of Public Law 1237 of the Commonwealth of Pennsylvania, approved the 2nd day of May, 1929 (23 Purdon's Pa. Statutes, Divorce, § 16), provides as follows: " *Residence of Libellant.*— No spouse shall be entitled to commence proceedings for divorce by virtue of this act who shall not have been a bona fide resident in this Commonwealth at least one whole year immediately previous to the filing of his or her petition or libel. The libellant shall be a competent witness to prove his or her residence." The defendant in said action (plaintiff's first husband) was served by publication and neither appeared nor answered. Thereafter, on or about March 6, 1940, the plaintiff and the defendant again returned to the State of Pennsylvania where a hearing was held before a Special Master, and subsequently, on April 19, 1940, the plaintiff was granted a decree of divorce by default. The parties married in Queens County on the 28th day of April, 1940. At the commencement of this action in August, 1940, plaintiff was pregnant and subsequently gave birth to a child which is the only issue of this marriage.

Upon the trial of the instant action records were produced from the New York Telephone Company, by whom plaintiff was employed, which show that she was on every working day in the years 1938 and 1939, with the exception of January 23rd, 28th, February 10th and June 21, 1939, employed in New York State, and the payroll records show that she was paid for her services during that period of continuous employment. Yet, at the hearing before the Special Master in the Pennsylvania court, she testified as follows: " Q. Where have you resided since August, 1938? A. With Florence Miller at Meshoppen, Pennsylvania. Q. Where were you residing on September 9th, 1939 when your libel in divorce was filed? A. With Mrs. Florence Miller, Box 719 Meshoppen, **Pa.**

Q. Where have you resided one whole year previous to September 9th, 1939? A. With Mrs. Florence Miller at Meshoppen. Pa. * * * Q. What is the last address or place of residence of your husband that you have known? A. 9714–76th Street, Ozone Park, New York.'' There can, therefore, be no question that during all the times that plaintiff declared herself to be a resident of the State of Pennsylvania, in order to give that State jurisdiction of her divorce proceeding against her first husband, she was actually a resident of and domiciled in the State of New York and continuously employed there. Under these circumstances the decree of divorce obtained by her is not entitled to recognition in this State under the mandate of the full faith and credit clause of the Federal Constitution. (*Bell* v. *Bell,* 181 U. S. 175; *Matter of Bingham,* 265 App. Div. 463; *McCarthy* v. *McCarthy,* 179 Misc. 623; *Reese* v. *Reese,* 179 Misc. 665; *Buvinger* v. *Buvinger,* 180 Misc. 345.)

There then remains the question whether the defendant is entitled to any affirmative relief upon his counterclaim, it being established beyond question that he advised the plaintiff in connection with her divorce in Pennsylvania, accompanying her to the courts of that State, and paid the expenses and costs of the proceeding out of his own funds, with full knowledge that during all the times that the plaintiff declared herself to be a resident of the State of Pennsylvania she was actually a resident of the State of New York and was continuously employed there. It seems clear that under such decisions as *Kaufman* v. *Kaufman* (177 App. Div. 162) and *Oldham* v. *Oldham* (174 Misc. 22) he would be entitled to no affirmative relief. While there is persuasive force in the reasoning of the last two cases, this court is unable to follow them. Marriage is not simply a civil contract; it is a status in which the State is a third party. (*Svenson* v. *Svenson,* 178 N. Y. 54; *Fearon* v. *Treanor,* 272 N. Y. 268.) Unlike the defendant in *Krause* v. *Krause* (282 N. Y. 355), the defendant here was not a *party* to the void divorce proceedings. This court cannot bring itself to the belief that his conduct in aiding the plaintiff to obtain a void foreign decree is the equivalent to having been a legal party to the proceeding which resulted in that decree.

We have here a foreign divorce which cannot be recognized under any standards, and an action *directly* involving the *marital status* between the parties, the validity of which depends upon the recognition of the foreign divorce. It seems

anomalous under such circumstances to say in one breath that the plaintiff is not married to the defendant because she was not validly divorced from her first husband, and in the very next to deny the defendant any relief, notwithstanding that he was not a party to the invalid decree of divorce. As was stated in *Stevens* v. *Stevens* (273 N. Y. 157), '' Here the court was invoked to pronounce judgment directly upon the marital status — a relationship which no stipulation or conduct of the parties could alter  *  *  * ''; and in *Simmons* v. *Simmons* (19 F. 2d 690, 691), '' ' The rule of *par delictum* will not be applied, however, to prevent relief in a suit to annul and set aside a void marriage. This is a matter in which the state is an interested party.' '' (See, also, *Risk* v. *Risk*, 169 Misc. 287, and *Schein* v. *Schein*, 169 Misc. 608.)

It seems to this court that under the circumstances presented here, the defendant is not estopped from obtaining affirmative relief. The recent tendency of the courts is to so hold. (*Davis* v. *Davis*, 279 N. Y. 657; *Slater* v. *Kenny*, 265 App. Div. 963.) In the *Davis* case the husband sought to annul his marriage, the wife having secured a void foreign divorce decree. He had full knowledge of the circumstances surrounding such decree and had induced her to marry in reliance upon it. A child was born. The wife asked the court to estop the plaintiff from questioning his marriage to her; nevertheless the court declared the marriage void because at the time thereof she had a husband living and undivorced. The situation in the *Slater* case, which was decided on the authority of the *Davis* case, was similar. The fact that in the instant situation the defendant appeared on the scene before the plaintiff had secured her divorce and aided in its procural in the manner already described, does not distinguish the cases so as to allow the application of the estoppel doctrine in the one and not in the other. In neither case was the second husband a party to the divorce action; in both, the second husbands were fully aware of the circumstances surrounding the divorce; and in both, the decrees were obtained in sister States. Nor is it necessary in the instant case to apply the principle of estoppel to save the plaintiff and the child from becoming public charges. Recent legislation provides ample relief (Civ. Prac. Act, § 1140; § 1140-a, added by L. 1940, ch. 226). In any event the child is the legitimate issue of both parties (Civ. Prac. Act, § 1135) and is entitled to be supported by the father, the defendant herein, with custody to the plaintiff.

Judgment is granted in favor of the defendant in accordance with the foregoing views. The court will take proof of the financial situation and earnings of both parties to determine the amount of support for the plaintiff and the child. Such proof will be adduced at Trial Term, Part II of this court, on June 18, 1943, at 10 A. M. Settle findings and judgment on notice.