WILLA JOLBY, Petitioner, *v.* PHILBERT JOLBY, Respondent.

Domestic Relations Court of New York, Family Court, New York County, June 23, 1943.

*Arthur Kapin* for respondent.

*John M. Griggs, Jr.,* for petitioner.

POLIER, J. The respondent has sought to have the order in this court for the support of the petitioner vacated on the ground that he is and has been a resident of Maryland for over two years and that he has procured a Maryland decree of divorce.

The parties to this action have been known to this court since July 23, 1936, when the petitioner sought and secured an order of support for herself and the child of the marriage. Since that date the contest between the parties, in regard to support, custody of the child and the right of visitation has continued almost without interruption. There have been charges and countercharges of immorality and neglect of the child. At the present time the father has custody of the child and the order of support is limited to support of the wife only. The petitioner has been and still is a public charge.

Throughout the course of hearings the respondent has repeatedly sought suspension of the order against him on the ground that he was either totally unemployed or earning so little that he could not contribute. The order has repeatedly been suspended and the petitioner has repeatedly been on home relief. During these periods of suspension the respondent

has been under the supervision of the Probation Department. It was not until 1943 that the respondent pleaded the Maryland decree as a ground for vacating the last order. That order for support was entered on October 5, 1942, at a hearing before this court when both parties were present. The divorce action was commenced, according to the testimony of the respondent, a month earlier, in September, 1942.

If the respondent failed to establish a *bona fide* domicile in Maryland any decree of divorce that he may have secured in that State is not entitled to full faith and credit in this State. The respondent relies on *Williams* v. *North Carolina* (317 U. S. 287), but the court in that case assumed that a *bona fide* domicile had been established. In the instant case petitioner contends that no such *bona fide* domicile was ever established. That is the first issue in this case, and in determining it the court must draw its conclusion from all the circumstances. (See *Pignatelli* v. *Pignatelli,* 169 Misc. 534, 537.)

The parties were married in Chicago in 1927 and moved to New York in 1935. New York was their last matrimonial domicile. The respondent testified on March 25, 1943, that he had moved to Baltimore approximately two years earlier and established his domicile there prior to commencing his divorce action in September, 1942, in that State. However, on cross-examination he admitted that he had maintained a residence at 1448 Fifth Avenue, New York City, for three to four years until two months before the hearings in March when he had moved to 172 East 119th Street, New York City. His son and his housekeeper have lived and continue to live at the New York address. His son attends school in New York and the New York address was given to the school as the address of the respondent. The respondent holds himself out to be a minister connected with St. Andrews Church in New York City and registered with the Marriage Bureau in New York in 1940. The New York City address was given by the respondent when he registered under the Selective Training and Service Act (U. S. Code, tit. 50, Appendix, § 301 *et seq.*). Throughout the periods when respondent was reporting to the court he never indicated that he had any address or work outside of New York City. The respondent now alleges he moved to Baltimore approximately two years ago and has lived in a furnished room there and that he goes to Baltimore each week to give readings. However, he could not recall his landlady's name and his alleged earnings would have barely covered the expense of such weekly trips. The respondent

has worked as a cook in New York to support his son and himself over a period of years. While he has not been frank about his employment or earnings it is clear that he has sought work in this field only in New York and has supported himself primarily through his New York earnings.

The testimony of the respondent, including his explanations about the reasons for his New York residence, fails to satisfy this court that the respondent ever abandoned his New York domicile or established a *bona fide* domicile in Maryland. Although " * * * a change of domicile * * * may be made * * * for any reason whatever · * * * no pretense or deception can be practiced, for the intention must be honest, the action genuine, and the evidence to establish both, clear and convincing." (See *Matter of Newcomb,* 192 N. Y. 238, 250, 251.) The respondent's testimony and actions fail to meet such requirements.

In the instant case, the respondent has failed to show that he established a *bona fide* domicile in Maryland. The weight of the evidence indicates that none was established. The court is therefore not required to give full faith and credit to the alleged Maryland divorce. ("*Standish*" v. "*Standish*", 179 Misc. 564; *Meyers* v. *Meyers,* 179 Misc. 680; *Schnabel* v. *Schnabel,* 179 Misc. 620; *McCarthy* v. *McCarthy,* 179 Misc. 623; *McKee* v. *McKee,* 179 Misc. 617.)

The order is continued for the support of the petitioner only. The petitioner may apply for further order of visitation if the question of visitation has not been adjusted between the parties.